**M & B DRILLING AND CONSTRUC-
TION COMPANY, INC., Appellant
(Plaintiff/Petitioner),**

v.

**STATE BOARD OF EQUALIZATION;
R.A. Hakala, Rudolph Anselmi, and Do-
ran Lummis, in their official capacities
as members of the State Board of
Equalization, Appellees (Defend-
ants/Respondents).**

**STATE BOARD OF EQUALIZATION;
R.A. Hakala, Rudolph Anselmi, and Do-
ran A. Lummis, in their official capaci-
ties as members of the State Board of
Equalization, Appellants (Defend-
ants/Respondents),**

v.

**M & B DRILLING AND CONSTRUC-
TION COMPANY, INC., Appellee
(Plaintiff/Petitioner).**

Nos. 84–36, 84–37.

Supreme Court of Wyoming.

Aug. 30, 1985.

Blair J. Trautwein, Hathaway, Speight
and Kunz, Cheyenne, for appellant (plain-
tiff/petitioner) in Case No. 84–36 and ap-
pellee (plaintiff/petitioner) in Case No. 84–
37.

A.G. McClintock, Atty. Gen., and Ron
Arnold, Sr. Asst. Atty. Gen., for appellees
(defendants/respondents) in Case No. 84–
36 and appellants (defendants/respondents)
in Case No. 84–37.

Before THOMAS,* C.J., and ROSE, ROONEY,** BROWN and CARDINE, JJ.

ROONEY,*** Justice.

M & B Drilling and Construction Company, Inc. (hereinafter referred to as "M & B") petitioned the district court to review an administrative action by the State Board of Equalization and by the three individual members of such Board (hereinafter referred to as "Board"); and additionally M & B filed an action for declaratory judgment

"primarily because the State was not providing a credit to M & B Drilling for the sales tax erroneously paid against its use tax assessment. As previously argued, this failure constitutes a violation of W.S. § 39–6–409(a) [1] and Article I, § 33 [2] of the Wyoming Constitution. Declaratory Judgment Action lies where the issues involve interpretation of a statute or concerns the constitutionality of the statute."

The district court ruled that it did not have jurisdiction to act on the petition for review of administration action because it was not timely; that the declaratory judgment action was proper; and that the Board properly refused to provide a credit to M & B for erroneously paid sales tax against its tax assessment. M & B appealed from the resulting order, wording the issues on appeal:

"I. IS M & B DRILLING ENTITLED TO A CREDIT OF THE SALES TAX IT ERRONEOUSLY COLLECTED AND PAID AS A VENDOR TO THE STATE OF WYOMING'S LATER ASSESSMENT AGAINST IT OF SALES AND USE TAX FOR THE SAME TIME PERIOD.

"II. IF W.S. § 39–6–409(a) IS NOT CONSTRUED TO ALLOW A CREDIT OF THE ERRONEOUS PAYMENT OF SALES TAX TO LATER ASSESSMENT AGAINST M & B DRILLING OF SALES AND USE TAX, THEN HAS DOUBLE TAXATION OCCURRED IN VIOLATION OF ARTICLE I, SECTION 33 AND ARTICLE I, SECTION 35 OF THE WYOMING CONSTITUTION.

"III. IS A DECLARATORY JUDGMENT ACTION PROPER IN THIS CASE.

"IV. DID THE DISTRICT ERR IN RULING THAT M & B DRILLING DID NOT PROPERLY APPEAL THIS ACTION FROM THE BOARD OF EQUALIZATION."

In turn, the Board appealed from the resulting order, wording the issue:

"THE LOWER COURT ERRED IN NOT DISMISSING THE DECLARATORY JUDGMENT ACTION,"

even though the court found against M & B on the merits of the action.

We affirm the dismissal of the petition for administrative review for lack of jurisdiction; we reverse the holding that the declaratory judgment action was an available remedy in this case; and we affirm the result, however, since the trial court found against appellant on the merits of

---

* Became Chief Justice on January 1, 1985.

** *Chief Justice at time of oral argument.*

*** This case was originally assigned to Chief Justice Thomas on August 31, 1984 for the rendering of a proffered majority opinion. No such opinion being forthcoming, it was reassigned to Justice Rooney on July 30, 1985. Justice Rooney distributed a proffered opinion to the court on August 12, 1985.

1. Section 39–6–409(a), W.S.1977, provides in pertinent part:

"(a) As soon as practicable after the return is filed the board shall examine it and if it appears the tax to be remitted is incorrect it shall be recomputed. If the amount paid exceeds that which is due the excess shall be credited against any subsequent liability of the vendor. * * *"

2. Article 1, § 33, Wyoming Constitution, provides:

"Private property shall not be taken or damaged for public or private use without just compensation."

Article 1, § 35, Wyoming Constitution, also contended by M & B to have been violated, provides:

"No ex post facto law, nor any law impairing the obligation of contracts, shall ever be made."

the declaratory judgment action. Accordingly, the first two issues presented on appeal by M & B need not be addressed.

## PETITION FOR REVIEW OF ADMINISTRATIVE ACTION

M & B is in the business of drilling and constructing water wells, water systems and sewer systems. Pumps, engines, pipes and other materials are used and sold by M & B in the course of its business. On April 2, 1982, the Board sent a use and sales tax assessment notice to M & B reflecting an assessment of $30,143.69. He was assessed as a contractor.[3] The audit resulting in the assessment revealed that M & B owed sales and use tax on materials consumed by it as a contractor *and* that it erroneously collected sales tax from customers. Vendors as distinguished from contractors are required to collect sales tax from purchasers and remit the same to the state. M & B does not deny the accuracy of the audit.

On April 4, 1982, M & B requested a hearing and an informal hearing was held on June 23, 1982. On August 23, 1982, a revised assessment notice was sent to M & B followed by a letter dated August 26, 1982, which reflected the informal decision to approve the assessment. No payment was made on the assessment and interest. Payment of the penalty was waived by the Board. In March 1983, M & B filed an amended notice of appeal to the Board from the Board's informal decision. On March 17, 1983, the Board denied the amended notice of appeal as not having been timely made under Chapter XXI, §§ 3 and 5 of the Rules and Regulations of the Department of Revenue and Taxation which provide that an informal decision is appealable back to the Board within fifteen days of the decision.

3. Section 39–6–602(a), W.S.1977, provides:
   "(a) Any contractor who furnishes tangible personal property under contract or in the development of real property is the consumer or user of the tangible personal property with-

■ In its decision letter, the district court recited that relief was precluded by the
"* * * provisions of Sec. 39–6–410(e) and 39–6–510(f) W.S. which each provide that no person who feels aggrieved by the payment of the taxes, penalty and interest imposed may appeal a decision of the board until all taxes, penalty and interest have been paid. Thus, payment of sales or use tax appears to be a condition to appeal from a decision of the board."

We agree. Accordingly the fact of an untimely appeal under internal procedures of the administrative agency as affecting the jurisdiction of the district court or as failing to exhaust administrative remedies is academic as far as this case is concerned.

However, one facet of this case concerning the requirement that taxes must be paid before appeal must be noted. Can it be said that M & B *did* pay the taxes? In its first issue on appeal, supra, M & B contends that it should receive credit against the assessment of the "sales tax it erroneously collected and paid as a vendor." M & B does not contest the audit figures and, as set out in its statement of the issues on appeal, it acknowledges the fact that the taxes were "erroneously collected." [4] Since the money in question is unquestionably that of third parties, logic dictates that M & B cannot use it to pay a debt of M & B. The district court quoted the following pertinent language from *Walgreen Company v. State Board of Equalization*, 62 Wyo. 288, 166 P.2d 960, 964, *reh. denied* 62 Wyo. 336, 169 P.2d 76 (1946).
   " 'The vendor should, we think, not be permitted—unless the statute in clear and positive language so says, and this it is far from doing—to use the money of a vendee who for one reason or another has overpaid the sales tax on a pur-

in the meaning of the sales and use tax laws of Wyoming."

4. The claim or assertion of setoff was not made at the hearing before the Board. The contention was first made in the district court.

chased article to offset the failure of such vendor to collect the proper amount from another taxpayer.' "

We also said in the *Walgreen* case:

"There is no clause in the law which, either by express terms or even by reasonable implication, indicates that the over-collections such as are shown in the case at bar should become the property of the vendor. * * *" *Id.*, 166 P.2d at 964.

Section 39-6-417(a), W.S.1977, makes it a crime for:

"(a) Any vendor who under the pretense of collecting the taxes [sales tax] imposed by this article collects and retains an excessive amount or who intentionally fails to remit to the board the full amount of taxes when due * * *."

■ Inasmuch as the money in question belongs to third parties and should be returned to them,[5] it cannot qualify as payment of M & B's taxes for the purpose of giving subject matter jurisdiction to the district court on appeal as required by § 39-6-410(e), (see quotation from district court opinion letter, supra).

### DECLARATORY JUDGMENT

The availability of a declaratory judgment in relation to a petition for review was discussed in detail in *Rocky Mountain Oil and Gas Association v. State*, Wyo., 645 P.2d 1163, 1168-1169 (1982), where we said:

"Ordinarily, a declaratory judgment action is not a substitute for an appeal. *School Districts Nos. 2, 3, 6, 9, and 10, Campbell County v. Cook*, Wyo., 424 P.2d 751 (1967); *Stahl v. Wilson*, Fla. App., 121 So.2d 662 (1960); *Sparks v. Brock & Blevins, Inc.*, 274 Ala. 147, 145 So.2d 844 (1962); and *Bryarly v. State*, 232 Ind. 47, 111 N.E.2d 277 (1953). But

such direct action is often available 'even though there was a statutory method of appeal,' *School Districts Nos. 2, 3, 6, 9 and 10, Campbell County v. Cook*, supra, 424 P.2d at 755. Here, there is no appeal actually pending and the issues are not moot.

"However, there is a restriction on the availability of a declaratory judgment action with reference to its applicability to administrative matters. Where the action would result in a prejudging of issues that should be decided in the first instance by an administrative body, it should not lie. This is because, if it be otherwise, all decisions by the several agencies could be bypassed, and the district court would be administering the activities of the executive branch of the government. *Public Service Commission of Utah v. Wycoff Co.*, 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952); and *City of Cheyenne v. Sims*, Wyo., 521 P.2d 1347 (1974). This restriction on the scope of declaratory judgments is akin to the requirement that administrative remedies must be exhausted before judicial relief is available.

"Accordingly, where the relief desired is in the nature of a substitution of judicial decision for that of the agency on issues pertaining to the administration of the subject matter for which the agency was created, the action should not be entertained. If, however, such desired relief concerns the validity and construction of agency regulations, or if it concerns the constitutionality or interpretation of a statute upon which the administrative action is, or is to be, based, the action should be entertained. This is no more than that obviously and plainly provided for in the language of the Uniform Declaratory Judgments Act."

---

**5.** During the course of these proceedings, there was considerable discussion between the Board and M & B concerning the fact that the money paid to the State by M & B as a vendor and collected improperly belonged to customers of M & B and not to M & B. Methods to accom-

plish return of it to the customers were proposed. The Board should attempt to return the money to the third parties as determined by the audit. That not returnable due to inability to locate the customers will escheat under the usual conditions.

■ M & B contends that the issue presented in this case concerns "the constitutionality or interpretation of a statute," and, therefore, a declaratory judgment action is proper. The contention is premised on an inaccuracy. The premise for its argument is that the statutes in question require interpretation to determine the perimeters for granting credit for overpayment by a person to the person's present liability. That is not the situation in this case. Here, the question concerns the propriety of granting credit against a person's liability through application of monies resulting from overpayment by third parties. Since the statutes do not purport to concern such, an interpretation would be foreign to the issues in this case. The same can be said with reference to the constitutionality of the statutes.

In *Rocky Mountain Oil and Gas Association v. State*, supra, a declaratory judgment action was held proper inasmuch as "jurisdiction and extent of the powers of the two agencies are questioned as they relate to each other." *Id.*, 645 P.2d at 1169. There is no such question in this case.

### REMAINING ISSUES

The foregoing disposition of the third and fourth issues presented by appellant on appeal makes it unnecessary to consider the other two issues except insofar as the same has already been done.

Affirmed.