STATE BOARD OF EQUALIZATION; Wyoming State Tax Commission; Rudolph Anselmi, Reina Hakala and Shirley Wittler, in their official capacities as members of the State Tax Commission and State Board of Equalization, Appellants (Defendants),

v.

JACKSON HOLE SKI CORPORATION, a Wyoming corporation, Big Valley Corporation, d/b/a Grand Targhee Resort, Triangle X Ranch, Glenn Taylor, Ken Neal and Western Mountain Adventures, Inc., d/b/a Teton Valley Ranch Camp, Inc., on behalf of themselves and other members of the Wyoming Outfitter's Association and other Wyoming members of the Dude Ranchers' Association, Appellees (Plaintiffs).

No. 86–298.

Supreme Court of Wyoming.

Nov. 5, 1987.

Joseph B. Meyer, Atty. Gen., Peter J. Mulvaney, Deputy Atty. Gen., and Robert J. Walters, Asst. Atty. Gen., for appellants.

David R. Hansen, Jackson, for appellees.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

This case came before the Court upon a petition for rehearing filed on June 15, 1987, on behalf of appellants. The Court, after having carefully considered such peti-

tion for rehearing, the brief of appellants in support of the petition for rehearing, and the opinion of the Court issued in *State Board of Equalization v. Jackson Hole Ski Corporation*, Wyo., 737 P.2d 350 (1987), found that the petition for rehearing should be granted.

We clarify in part our original opinion issued in this case and dismiss in part the petition for rehearing.

Upon rehearing, appellants assert the following issues:

"I. SHOULD THE DISTRICT COURT'S JUDGMENT AFFIRMED BY THIS COURT BE LIMITED TO THOSE SERVICES AT ISSUE IN THE CASE AT BAR?

"II. IF THE APPELLANTS ARE REQUIRED TO PROVIDE REFUNDS OF MONIES PAID UNDER PROTEST BY THE APPELLEES HEREIN, SHOULD THOSE REFUNDS BE GOVERNED BY THE DECISION OF *M & B DRILLING [AND] CONSTRUCTION COMPANY, INC. V. STATE BOARD OF EQUALIZATION*[, Wyo., 706 P.2d 243 (1985) ]?"

I

Appellants and appellees question whether this Court's opinion in *State Board of Equalization v. Jackson Hole Ski Corporation* holds that sections 44 and 48, chapter III of the Rules and Regulations of the Wyoming State Tax Commission are null and void in toto or whether that case's holding is strictly limited to prohibiting the collection of taxes by the Wyoming taxing authorities for those services specified in that case. We recognize that some questions may remain, and we now clarify that holding.

It has been a long recognized rule in Wyoming, as well as in other jurisdictions, that an appellate court must answer only those questions which were presented before it on appeal. As stated in *Davis v. Schiess*, Wyo., 417 P.2d 19, 22 (1966):

"In the absence of * * * matters being urged by appellants on appeal, we will not discuss them."

Although the question as postulated in this case may be properly before us in the future, to render an opinion here would be to issue an advisory opinion. This Court has said repeatedly that it will not issue advisory opinions, and we decline to do so now. *Graham v. Wyoming Peace Officer Standards and Training Commission*, Wyo., 737 P.2d 1060 (1987).

In the original appeal, appellants raised only the applicable question:

"IS APPELLANTS' CONSTRUCTION OF W.S. 39–6–404(A)(VIII) UNREASONABLE OR CONTRARY TO LAW?"

Thereafter, appellants asserted through their brief and oral argument that they properly had taxed the specific services provided by appellees. Further, we note that appellees' original complaint and complaints in intervention filed in this matter pray that sections 44 and 48, chapter III of the Rules and Regulations of the Wyoming State Tax Commission be deemed null and void as contrary to the taxing authority of the Selective Sales Tax Act of 1937 regarding their specifically named services.

The district court went to great length to clarify the services limited by its order. In our original opinion in this case, we provided:

"Because we find nothing in § 39–6–404(a)(viii) expressly authorizing the State Tax Commission to tax the sales price paid *for the services described in appellees' complaints*, we affirm the *district court's order declaring §§ 44 and 48 of the Rules and Regulations of the Wyoming State Tax Commission null and void*." *State Board of Equalization v. Jackson Hole Ski Corporation*, 737 P.2d at 356 (emphasis added).

Appellate courts must consider only matters actually before them on appeal, and they must not give opinions on controversies or declare principles of law which cannot have any practical effect in settling the claims of the litigants. Only those questions which are necessary for the decision of the case must be considered, and no attempt should be made to further "lay down" a rule or precedent to the bench and bar of the state. Questions not directly involved in an appeal, or not neces-

sary or relevant to, or material in, the final determination of the cause, will not be considered or decided by an appellate court. See 5 C.J.S., Appeal and Error § 1455 (1958).

■ In this case, the single question before this Court was whether appellees' specific services were properly taxable by the Wyoming taxing authorities. It is clear, therefore, that our decision in *State Board of Equalization v. Jackson Hole Ski Corporation* which states that sections 44 and 48, chapter III of the Rules and Regulations of the Wyoming State Tax Commission were null and void is limited exclusively to those services rendered by appellees and specifically mentioned in the district court's order.

## II

Upon rehearing, appellants and appellees also ask this Court to decide how those moneys which were improperly taken by the Wyoming taxing authorities and paid under protest by appellees in this case now should be refunded or distributed. These issues were not raised at the trial level or on appeal.

■ As a general rule, a rehearing cannot be had on matters or questions which were not urged at the original hearing or for the purpose of affording an opportunity to present new questions or issues. Matters which were not brought at the original hearing, therefore, are deemed to have been waived, either expressly or by implication, and may not be considered on a petition for rehearing. See *Witzenburger v. State ex rel. Wyoming Community Devel-*opment Authority, Wyo., 577 P.2d 1386 (1978); *Mayor v. Board of Land Com'rs,* 64 Wyo. 430, 195 P.2d 752 (1948). As stated previously, this Court will decline to answer those questions which were not presented before it on appeal. To answer such questions would be to issue an advisory opinion.

Answering questions at this time which concern refunding tax moneys improperly collected would be to circumvent administrative authority. As stated in *M & B Drilling and Construction Company, Inc. v. State Board of Equalization,* Wyo., 706 P.2d 243, 246 (1985), quoting *Rocky Mountain Oil and Gas Association v. State,* Wyo., 645 P.2d 1163, 1168 (1982):

" 'Where the action would result in a prejudging of issues that should be decided in the first instance by an administrative body, it should not lie. This is because, if it be otherwise, all decisions by the several agencies could be bypassed, and the * * * court[s] would be administering the activities of the executive branch of the government.' "

We hold that the petition for rehearing, with respect to questions involving the refunding of improperly collected tax moneys, was improvidently granted, and we dismiss the same.