992 F.2d 1222
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Albert HAMBURG, Petitioner-Appellant,
v.
WYOMING ATTORNEY GENERAL, also known as Joseph Meyer,
Respondent-Appellee.
 No. 92-8076.
 United States Court of Appeals, Tenth Circuit.
 April 15, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 In this pro se appeal, the appellant contests the dismissal of his 28 U.S.C. § 2254 habeas petition for non-exhaustion. We affirm.[1]
 
 
 2
 The appellant was convicted by a jury in 1990 of two counts of forging election petitions. His sentence was suspended and he was placed on probation for two consecutive three-year terms. The appellant, represented by counsel, took a direct appeal to the Wyoming Supreme Court. The Supreme Court reversed the appellant's conviction on one of the counts and modified his sentence. Hamburg v. State, 820 P.2d 523, 533 (Wyo.1991). The appellant subsequently filed a pro se "Petition for Rehearing" in which he alleged additional grounds for relief. The Wyoming Supreme Court denied the appellant's petition without opinion.
 
 
 3
 On June 8, 1992, the appellant filed a pro se petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. He asserted three general claims--ineffective assistance of counsel, the lack of an impartial and fair jury, and the lack of constitutional safeguards during pretrial handwriting testing. The district court found that these general claims raised seven discrete issues.[2] The district court, examining the record from the state court appeal, found that four of the issues had never been raised in the Wyoming courts, two had been raised only in the pro se petition for rehearing, and that only one of the issues had been fully raised and considered by the state courts. Accordingly, the district court dismissed the appellant's petition for failure to exhaust his state court remedies. This appeal followed.
 
 
 4
 It is well established as a matter of comity, that, except in unusual circumstances, federal courts should not consider habeas corpus claims until the state has had an opportunity to consider the matters alleged therein. 28 U.S.C. § 2254(b) and (c); Ex parte Hawk, 321 U.S. 114, 117 (1944). In Rose v. Lundy, 455 U.S. 509, 522 (1982), the Supreme Court held that "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." A claim is considered exhausted if it is "fairly presented" to the state court. Picard v. Connor, 404 U.S. 270, 275 (1971). It is essential that the petitioner have brought the substance of the claim on which he relies to the attention of the state court. Id. at 278.
 
 
 5
 In his habeas petition, the appellant has raised seven issues. Several of those issues were not fairly presented to the state court. First, the appellant never raised the issues of (i) ineffective assistance of counsel concerning the refusal to allow the appellant to proceed with a pro se defense, or (ii) the claim that the jury was not impartial and fair because there was inadequate voir dire of opinions on the appellant's political party.
 
 
 6
 Second, only in the pro se petition for rehearing did the appellant raise the issues that (i) the jury was prejudiced in their contacts with the court clerk, whose deceased husband's signature was alleged to have been forged by the appellant, and (ii) that he was denied constitutional protections, including the right to an attorney, when he was asked to provide handwriting exemplars. We agree with the district court's conclusion that the appellant's attempts to raise issues on a petition for rehearing were not sufficient to fairly present them to the state courts for purposes of exhaustion.
 
 
 7
 The petition for rehearing is a motion which seeks discretionary review of a prior appellate decision based on errors committed therein. Wyo.R.App.Pro. 8.01. Rehearing is not a proper method to raise new claims which were not a part of the original appeal; issues raised for the first time are deemed to be waived for those proceedings and "may not be considered on a petition for rehearing." State Board of Equalization v. Jackson Hole Ski Corp., 745 P.2d 58, 60 (Wyo.1987). We find that raising new issues in that context does not, for purposes of exhaustion, constitute fair presentation. See Castille v. Peoples, 489 U.S. 346, 350-51 (1989) (holding that raising new issues in petition for allocature not fair presentation because of procedural context in which court would only consider merits upon showing of special and important reasons); Satterwhite v. Lynaugh, 886 F.2d 90, 92 (5th Cir.1989) (holding that pro se brief seeking discretionary review, filed in addition to appellate counsel's brief did not fairly present issues for purposes of habeas corpus exhaustion); Williams v. Wyrick, 763 F.2d 363 (8th Cir.1985) (holding that issues presented in motion to recall a mandate were not fairly presented for exhaustion purposes).
 
 
 8
 Third, given the liberal construction which we afford to the submissions of pro se petitioners, we disagree with the district court's analysis concerning two issues, and find that the appellant adequately raised the claims of ineffective assistance of counsel concerning both (i) the refusal to make use of certain information and to call certain witnesses in the defense, and (ii) the failure to discover and expose the "faked" handwriting samples.[3]
 
 
 9
 Fourth, the appellant's direct appeal to the Wyoming Supreme Court clearly raised the issue that the jury was not impartial and fair because there was inadequate voir dire regarding familiarity with forged signatures.
 
 
 10
 The appellant apparently would have us consider motions that he put before the trial court both during and after trial in determining whether he has raised the issues for purposes of exhaustion. We decline to do so. In order to have exhausted his state court remedies, we require the appellant to have brought his allegations of error before the highest state court either on direct appeal of his conviction or in a postconviction attack. 17A Wright, Miller & Cooper, Federal Practice and Procedure, § 4264.1 at 340-43 (1988). That is because, as a matter of comity, we desire to give the appellate courts in the state where the alleged error occurred a full opportunity to correct any errors. See United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 17-19 (1925). Although bringing errors to the attention of the trial judge is often required as a prerequisite to appeal, that rule serves other purposes such as the efficiency and accuracy of the trial process.
 
 
 11
 We find that the appellant has failed to exhaust his state court remedies with respect to some of his habeas claims. The appellant has not provided us with evidence that resort to the state courts would be futile. See Castille v. Peoples, 489 U.S. 346, 350-51 (1989). On the contrary it appears that adequate postconviction relief is available to him. See Wyo.Stat. § 7-14-101 through 108. Accordingly, the order of the district court dismissing the appellant's petition is AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We believe that Hamburg's appeal is not frivolous and is pursued in good faith; therefore, we grant his motion for a certificate of probable cause
 
 
 [2]
 Regarding the claim of ineffective assistance of counsel, the district court found three independent issues: (i) the refusal to allow the appellant to proceed with a pro se defense, (ii) the refusal to make use of certain information and to call certain witnesses in the defense, and (iii) the failure to discover and expose the "faked" handwriting samples
 Regarding the claim that the jury was not impartial and fair, the district court found three distinct issues: (i) inadequate voir dire of opinions on the appellant's political party, (ii) inadequate voir dire regarding familiarity with forged signatures, and (iii) jury prejudice as a result of contacts with the court clerk, whose deceased husband's signature was alleged to have been forged by the appellant.
 There was no division of the third claim in which the appellant alleged that he was denied constitutional protections, including the right to an attorney, when he was asked to provide handwriting exemplars.
 
 
 [3]
 The district court found that these two issues had not been properly raised before the state court, although it did note that a "somewhat similar" or "related" issue that was raised in the direct appeal. Our review of the record convinces us that the issues were fairly presented to the Wyoming Supreme Court. Nichols v. Sullivan, 867 F.2d 1250, 1252-53 (10th Cir.1989)