34 F.3d 1076
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Albert HAMBURG, Petitioner-Appellant,
v.
ATTORNEY GENERAL OF the STATE OF WYOMING; Duane Shillinger,
Warden of the Wyoming State Penitentiary,
Respondents-Appellees.
Albert HAMBURG, Plaintiff-Appellant,
v.
Lowell FITCH, Goshen County Attorney; Joseph Meyer, Wyoming
Attorney General; Kathy Karpan, Wyoming Secretary
of State, Defendants-Appellees.
 Nos. 93-8108, 93-8110.
 United States Court of Appeals, Tenth Circuit.
 Aug. 5, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before MOORE and KELLY, Circuit Judges, and BABCOCK,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 3
 Albert Hamburg appeals from an order denying his 28 U.S.C. 2254 petition for a writ of habeas corpus (appeal No. 93-8108), and from an order granting defendants' motion to remand a state court action and dismissing his 42 U.S.C.1983 complaint (appeal No. 93-8110). We consolidate these appeals on our own motion, Fed.R.App.P. 3(b), and affirm.
 
 
 4
 Mr. Hamburg, a candidate for public office in Wyoming in 1989, was convicted by a jury in Goshen County, Wyoming, of two counts of forging election petitions. On direct appeal, the Wyoming Supreme Court reversed one of the convictions and affirmed the other. Hamburg v. State, 820 P.2d 523, 533 (Wyo.1991).
 
 Appeal No. 93-8108
 
 5
 Mr. Hamburg filed a 28 U.S.C. 2254 petition for a writ of habeas corpus. The district court concluded that, of the seven claims asserted, four had not been raised in state court, two had been raised belatedly, and one had been fully raised and considered in state court. It therefore dismissed the petition for failure to exhaust state remedies. We affirmed its dismissal order. Hamburg v. Wyoming Attorney Gen., No. 92-8076, 1993 WL 118863, at * * 2 (10th Cir. Apr. 15, 1993).
 
 
 6
 Mr. Hamburg returned to district court with a new habeas petition raising only those claims that had been exhausted: ineffective assistance of trial counsel for refusing to make use of certain information and call certain witnesses in the defense, and for failing to discover and expose "faked" handwriting samples; and denial of an impartial jury because there was inadequate voir dire regarding the jury's familiarity with forged signatures. The district court summarily dismissed the petition after concluding it plainly appeared that the claims were meritless. This order is the subject of appeal No. 93-8108.
 
 
 7
 The factual basis for the claim of inadequate voir dire concerning forged signatures is a letter in which trial counsel stated that Dorothy Fritz, who respondents inform us was the clerk of court of Goshen County, knew her late husband's name was on the election petition. We fail to see what effect the clerk's knowledge could have had on the jury's partiality, and Mr. Hamburg does not enlighten us as to his theory. We conclude this claim plainly lacks merit.
 
 
 8
 The district court summarily dismissed the remaining claims pursuant to Rule 4, Rules Governing Section 2254 Cases. This rule provides, in relevant part, that a habeas petition shall be dismissed summarily "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." While pro se habeas petitions must be liberally construed, Collins v. Hesse, 957 F.2d 746, 748 (10th Cir.1992), the petitioner still must allege facts pointing to a " 'real possibility of constitutional error.' " Advisory Committee Note--1976 Adoption--to Rule 4, Rules Governing Section 2254 Cases (quoting Aubut v. Maine, 431 F.2d 688, 689 (1st Cir.1970)). Our review is de novo. See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990), cert. denied, 498 U.S. 1096 (1991).
 
 
 9
 The district court dismissed the ineffective assistance of counsel claims because Mr. Hamburg failed to allege any specific facts in support thereof. Mr. Hamburg did attach to his appellate brief a letter from Barbara Erickson, a forensic document examiner, which we address although we are uncertain whether it was presented to the district court.
 
 
 10
 To establish an ineffective assistance of counsel claim, one must prove both that counsel's performance was deficient and that the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). The prejudice prong of the test is established by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.
 
 
 11
 We gather Mr. Hamburg's claim is that Ms. Erickson's opinion to the effect that the exemplars contained insufficient letter and word combinations to make a valid comparison was correct. This therefore proves the state's expert, Richard Crivello, perjured himself by testifying that two of the forged signatures on the petitions definitely were Mr. Hamburg's. Ms. Erickson's letter does not indicate whether she examined the same signatures that Mr. Crivello claimed definitely were written by Mr. Hamburg. Even if she had, at best her opinion would have established that she disagreed with Mr. Crivello's certainty. At worst, her letter indicates she could have suggested that Mr. Hamburg intentionally altered his handwriting, possibly to avoid detection.
 
 
 12
 While it is possible Ms. Erickson's inconclusive opinion might have had an effect on the jury, this is not enough to establish the prejudice prong of an ineffective assistance of counsel claim. Rather, Mr. Hamburg would have to prove there is a reasonable probability that introduction of her opinion would have altered the result of the trial. See Washington v. Murray, 4 F.3d 1285, 1290 (4th Cir.1993). Because he failed to allege facts pointing to a "real possibility of constitutional error," the district court properly dismissed his habeas petition. To the extent Mr. Hamburg attempts to raise issues for the first time in his reply brief, we do not address them. Boone v. Carlsbad Bancorporation, Inc., 972 F.2d 1545, 1554 n. 6 (10th Cir.1992).
 
 Appeal No. 93-8110
 
 13
 While the habeas proceeding was pending, Mr. Hamburg commenced a 1983 action against Lowell Fitch, the prosecuting attorney for Goshen County; Joseph Meyer, the head of the Division of Criminal Investigations (DCI); and Kathy Karpan, the Secretary of State. He alleged three claims: denial of due process, access to the courts, and equal protection because his state court motions have been ignored; improper jury contact, jury stacking, and jury selection by race or color; and use of perjured evidence.
 
 
 14
 On September 9, 1993, relying on 28 U.S.C. 1443, Mr. Hamburg filed notice of removal of a state court action he had filed against Mr. Fitch. The district court granted defendants' motion to remand, and dismissed the 1983 action sua sponte. The court concluded that because the 1983 action raised the same claims as the habeas action, its dismissal of the habeas action was res judicata. This order is the subject of appeal No. 93-8110.
 
 
 15
 Because Mr. Hamburg based his removal on 1443, we have jurisdiction to review the remand order. See Colorado v. Lopez, 919 F.2d 131, 132 (10th Cir.1990). We agree that remand was proper because 1443 only permits removal by the defendant in the state court action. Mr. Hamburg is the plaintiff in the state court action he sought to remove.
 
 
 16
 We turn to the district court's dismissal of the 1983 action on res judicata grounds. Mr. Hamburg asserted in his 1983 complaint that he raised the same issues in his habeas action. On appeal, he failed to challenge the district court's decision to dismiss on res judicata grounds. "Despite the liberal construction afforded pro se pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues." Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir.1991). We therefore uphold the district court's dismissal of his 1983 action.
 
 
 17
 Even if res judicata did not apply, we may affirm on any ground for which there is a sufficient record, including grounds not relied on by the district court. Griess v. Colorado, 841 F.2d 1042, 1047 (10th Cir.1988). The claims for damages against Mr. Fitch, insofar as they allege wrongdoing arising out of his preparation of and performance during Mr. Hamburg's forgery trial, could have been dismissed on the ground of absolute immunity. See Buckley v. Fitzsimmons, 113 S.Ct. 2606, 2613-15 (1993). Insofar as Mr. Hamburg's claims against Mr. Fitch requested that his state forgery conviction be set aside, they could have been dismissed because such relief is not available in a 1983 action. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Finally, the claims against Mr. Meyer and Ms. Karpan could have been dismissed because the complaint fails to allege an affirmative link between either defendant and any alleged constitutional violations. See Winters v. Board of County Comm'rs, 4 F.3d 848, 855 (10th Cir.1993), cert. denied, 114 S.Ct. 1539 (1994).[2]
 
 
 18
 The judgments of the United States District Court for the District of Wyoming in appeal Nos. 93-8108 and 93-8110 are AFFIRMED. The mandates shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Lewis T. Babcock, District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [2]
 Dismissal of the 1983 claim also could be affirmed under Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994), which held that a 1983 action to recover damages for an unconstitutional conviction must be dismissed unless the plaintiff can demonstrate that the conviction already has been invalidated