No. 13-0614 – *State v. Coles*

Benjamin, Justice, concurring:

I agree with the Majority's decision to affirm Mr. Coles's conviction. I write separately because I disagree with the Majority's decision to overrule *State v. Rogers*, 209 W. Va. 348, 547 S.E.2d 910 (2001). The dispositive issue in this case was whether Mr. Coles waived his double jeopardy claim. Despite concluding that he waived the claim, thereby resolving this case, the Majority opinion proceeds to then examine and ultimately overrule *Rogers*—a course of action having no bearing on the outcome of the case at bar. *See* 5 C.J.S. *Appeal and Error* § 822 (2007) ("Appellate courts . . . will generally not decide questions not necessary or material to the determination of the cause . . . or question a decision which would not affect the result."); *Law Offices of Ronald J. Palagi, P.C., L.L.O. v. Howard*, 747 N.W.2d 1, 17 (Neb. 2008); ("An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it."); *State Bd. of Equalization v. Jackson Hole Ski Corp.*, 745 P.2d 58, 59 (Wyo. 1987) ("Appellate courts . . . must not . . . declare principles of law which cannot have any practical effect in settling the claims of the litigants."); *State ex rel. Meade v. Marion Superior Court, Room No. 1*, 175 N.E.2d 423, 424 (Ind. 1961) ("[I]t has been the frequent practice of the Court, in cases where a single point would put an end to a case, to decide that point and no other."); *Carson v. Ross*, 509 N.E.2d 239, 244 (Ind. Ct. App. 1987) ("Issues which are unnecessary to a full and fair determination of an appeal

1

will not be addressed."). While I, too, may question *Rogers*, this case was not the proper time to raise the issue. I would have left the question of *Rogers*'s validity to another day.