Nancy SPEAR; Elisabeth N. Holmes; and G.J. Guthrie Nicholson, III, Appellants (Plaintiffs),

v.

Klara W. NICHOLSON, individually and as co-trustee of the G.J. Guthrie Nicholson, Jr. Trust; David L. Koerwitz, as co-trustee of the G.J. Guthrie Nicholson, Jr. Trust; Little Four Bear Ranch, a Wyoming partnership; Adrian Baumgartner; Josefine K. Wong; Terry Freeman; Herb Brentlinger; Tracey Market; Charmain Goodman; Norma Asay; Colleen Morris; Hot Springs County Senior Citizens Center, Inc.; American Power Dispatchers, a Washington corporation; St. Mary's Church, a Rhode Island corporation; Shriners Hospitals For Crippled Children, a Colorado corporation; Franciscan Sisters of Atonement, a New York corporation; Troy Schneider; Mary Schneider; William West; Bob Keough; David Kovash; Bonnie Kovash; Don Bonnette; Don Hawkins; Ken Lee;

June Lee; Frank Taylor; Rose Taylor; Joseph C. Milner; F. Neil Conner; Sharyl D. Conner; Ted Pierce; Town of Thermopolis, a Wyoming incorporated town; and Eduardo Troya, M.D., Appellees (Defendants).

No. 93–179.

Supreme Court of Wyoming.

Oct. 12, 1994.

Thomas N. Long and H. Frank Gibbard of Thomas N. Long, P.C., and Richard P. Boley of Boley & McKellar, P.C., Cheyenne, for appellants.

Ronald P. Jurovich and Thomas W. Harrington of Messenger & Jurovich, Thermopolis, for appellees, Klara W. Nicholson, David L. Koerwitz, Little Four Bear Ranch, Tracey Market, Charmain Goodman; Norma Asay, American Power Dispatchers, St. Mary's Church, Troy and Mary Schneider, William West, Don Bonnette, Don Hawkins, Ken and June Lee, Frank and Rose Taylor, Joseph C. Milner, Town of Thermopolis, Colleen Morris, Hot Springs County Senior Citizens, Inc., Franciscan Sisters of Atonement, Bob Keough, and David and Bonnie Kovash.

Becky N. Klemt of Pence & MacMillan, Laramie, and Harry E. Coff of Reams, Reams & Coff, Grand Junction, CO, for appellee, Adrian Baumgartner.

Thomas A. Fasse of Miller & Fasse, P.C., Riverton, for appellees, F. Neil Conner and Sharyl Conner.

William R. Jones and Bruce A. Hellbaum of Jones, Jones, Vines & Hunkins, Wheatland, for appellee, Eduardo Troya, M.D.

Before GOLDEN, C.J., and THOMAS, CARDINE,* MACY and TAYLOR, JJ.

THOMAS, Justice.

The issue in this case tests whether a 1985 amendment to the probate code vested exclusive jurisdiction in the district court sitting in probate over all claims relating to the property and affairs of the decedent. After the commencement of probate proceedings in Hot Springs County, a declaratory judgment action was filed in Natrona County attacking, on the ground of undue influence, *inter vivos*

* Retired July 6, 1994.

transfers by the decedent. A variety of ancillary equitable remedies were also claimed and, in addition, there were claims sounding in tort. The district court in Natrona County dismissed the action, ruling it had no jurisdiction because jurisdiction was vested in the probate court in Hot Springs County. In its Order of Dismissal, the ruling was broadened to encompass lack of venue as well as lack of jurisdiction. We hold the amendment to the probate code did not result in exclusive jurisdiction in the probate court. We reverse the Order of Dismissal and remand the case for further proceedings.

The appellants in this case, Nancy Spear, Elisabeth N. Holmes, and G.J. Guthrie Nicholson, III (children) set forth the issues in their Brief of Appellants in this way:

I. Whether the Natrona County District Court, a court of general jurisdiction, has subject matter jurisdiction over appellants' claims.

A. Whether a district court in Wyoming has jurisdiction over claims relating to the validity of inter vivos trust amendments and inter vivos conveyances, and tort claims.

B. Whether appellants' claims concern "probate matters" within the exclusive jurisdiction of the district court sitting in probate.

C. Whether, even if appellants' claims could have been brought in probate court, the district court has concurrent jurisdiction over them.

II. Whether venue for appellants' complaint is proper in the Natrona County District Court.

Separate briefs were filed by several of the appellees. A number of them joined in a Brief of Appellees presented principally by Klara W. Nicholson (widow), individually and as Co–Trustee of the G.J. Guthrie Nicholson, Jr. Trust, in which the issues are stated in this way:

I. Did the Seventh Judicial District Court, Natrona County, Wyoming, properly dismiss appellants' complaint for lack of subject matter jurisdiction?

II. Did the Seventh Judicial District Court, Natrona County, Wyoming, properly dismiss the suit for improper venue?

III. Was the order appealed from a final order?

In a separate Brief of Appellee, Adrian Baumgartner (widow's son), the issues are stated as follows:

1. Whether this appeal should be dismissed as an untimely appeal of an interlocutory ruling because appellants can proceed in the Hot Springs County District Court on all counts in their complaint.

2. Whether the lower court's ruling on venue should be sustained.

3. Whether trial of all claims in the Hot Springs County District Court is proper where the court has both general and exclusive jurisdiction.

4. Whether the term "co-extensive" in W.S. § 2–2–101 should be construed to mean "concurrent."

5. Whether appellants' objections to venue in Hot Springs County have been waived.

6. Whether the Hot Springs County District Court has jurisdiction to determine the validity of documents involving property that will revert to the probate estate if the documents are invalidated.

7. Whether the challenged trust amendments and wills must be construed together to give effect to the decedent's testamentary intentions and avoid a collateral attack on the probate.

8. Whether this Court should render an advisory opinion on the torts of intentional interference with expectancy and civil conspiracy.

In the Brief of Appellees F. Neil Conner and Sharyl Conner, there is no statement of the issues, and in the separate Brief of Appellee Eduardo Troya, M.D., the issues are stated identically to those set forth in the appellants' brief.

The factual focus in this case is upon the execution by G.J. Guthrie Nicholson, Jr. (Nicholson) of certain documents subsequent to 1985 and prior to his death on April 2, 1991. The children contend Nicholson was the subject of undue influence by the widow and her

son when he signed trust amendments, deeds, checks, and other documents transferring property (the challenged documents). The children contend the challenged documents effectively disinherited them by vitiating the terms of the G.J. Guthrie Nicholson, Jr. Revocable Trust and its First Amendment, which was executed in 1985. The children's position is that, at that time, Nicholson was free from any influence by the widow and her son, and the property conveyed by the challenged documents should be returned to ownership of the trust and distributed according to its terms.

After Nicholson died, the children first brought this action in the United States District Court for the District of Wyoming. We understand they sought essentially the same relief they seek in this case. After that action had been filed, the widow commenced probate proceedings for Nicholson's estate in the probate court in Hot Springs County. Then the United States District Court, acting on its own motion, reversed a prior ruling and dismissed the complaint, pointing to a lack of subject matter jurisdiction under the probate exception to diversity jurisdiction. One of the children has filed a will contest in the probate matter, seeking to inhibit the probate court from ratifying the widow's designation as trustee of Nicholson's pour-over testamentary trust. The probate action is stayed at this time.

Following dismissal of the federal court action, the children filed this case in Natrona County. The relief the children sought was a declaratory judgment establishing the challenged documents were the result of undue influence; the imposition of a constructive trust on Nicholson's property that had been wrongfully alienated; rescission or reformation of the challenged documents; and an accounting. In addition, tort theories for intentional interference with the children's expectancy and a civil conspiracy were alleged against some of the defendants. All of the appellees filed motions to dismiss in which they asserted the district court of Natrona County lacked subject matter jurisdiction with respect to the claims of the children and also that venue was not proper. The district court of Natrona County, following a hearing, entered an Order of Dismissal. It based its order upon the view that subject matter jurisdiction was vested in the probate court in Hot Springs County and, in addition, venue in Natrona County was improper. This appeal presents that order for review.

██ In 1985, Wyo.Stat. § 2–2–101 (1980) was amended to enhance the jurisdiction of the district court sitting in probate.[1] We understand this amendment was adopted to address the limiting effect of prior cases decided by this court relating to the jurisdiction of the district court sitting in probate. In *Matter of Estate of Fulmer*, 761 P.2d 658 (Wyo.1988), we acknowledged, in dictum, that the 1985 amendments to the statute did extend the jurisdiction of the probate court to those cases involving the property of the estate. We do not read the statute or *Ful-*

---

1. After the 1985 amendment, Wyo.Stat. § 2–2–101 reads as follows with the added language shown in bold text:

The district courts of the state have exclusive original jurisdiction of all matters relating to the probate and contest of wills and testaments, the granting of letters testamentary and of administration, and the settlement and distribution of decedents' estates. The court granting the letters has exclusive jurisdiction of all matters touching the settlement and distribution of the estates for which letters have been granted. **The jurisdiction over subject matter of the district court sitting in probate, sometimes referred to in this Title 2 as the "probate court", is coextensive with the jurisdiction over subject matter of the district court in any civil action. A decree of distribution entered by the district court in probate, pursuant to W.S. 2–7–807 or 2–7–813, shall be a** final determination of title as to assets described therein, as to all distributees served with notice, or who have waived notice, of the hearing provided for in W.S. 2–7–807 or 2–7–811, as the case may be. **As to all other parties, an action may be brought and maintained at any time prior to the entry of final decree of distribution under W.S. 2–7–813, by or against the personal representative in the district court, sitting in probate, seeking any legal or equitable remedy as to any interest in property, real or personal, in which the estate asserts or claims any interest. In addition, all causes cognizable in the district court in any civil action may be brought and maintained, at any time prior to the entry of final decree of distribution under W.S. 2–7–813, by or against a personal representative in the district court sitting in probate which granted the letters to the personal representative.**

*mer*, however, as establishing exclusive jurisdiction in the probate court to address those actions. Amending the definition of the jurisdiction of the district court sitting in probate so that it is "coextensive" with the subject matter jurisdiction of the district court in any civil action is not sufficient to vest exclusive jurisdiction in the probate court. The debate in this case is precisely whether the claims of the children can be tried only in the probate proceeding, or whether they can be tried by the district court in Natrona County.

■ These claims relate to events preceding Nicholson's death. The events antedated any need for administration of an estate for Nicholson. In *Fulmer*, we held the jurisdiction of the probate court terminated upon distribution of the estate. The allegations in the complaint encompass tort claims and the exercise by the widow and her son of undue influence with respect to *inter vivos* transfers and trust amendments. These claims are not necessarily "seeking any legal or equitable remedy as to any interest in property, real or personal, in which the estate asserts or claims any interest." Neither do they constitute causes "cognizable in the district court in any civil action" that may be brought "by or against a personal representative * * *." WYO.STAT. § 2-2-101.

If these claims had been filed in Hot Springs County, we are satisfied the statute, together with what we said in *Fulmer*, would justify the resolution by the district court in Hot Springs County as a part of the probate administration. We are not as satisfied, however, as the district court apparently was, that the district court in Natrona County is foreclosed from considering these claims. To the contrary, we hold the district court of Natrona County did have subject matter jurisdiction with respect to these claims, and it misread the law in dismissing them because it did not have subject matter jurisdiction.

■ There remains the question of the appropriate venue. On this issue the debate between the children and the widow and her son and other appellees is whether the applicable statute is WYO.STAT. § 1-5-101 (1988) or WYO.STAT. § 1-5-107 (1988). The children rely upon the provisions of WYO.STAT. § 1-5-107:

> An action, other than one (1) of those mentioned in W.S. 1-5-101 through 1-5-104, against a nonresident of this state or a foreign corporation, whether or not codefendants reside in Wyoming, may be brought in any county where the cause of action arose or where the plaintiff resides.

The widow, her son, and the other appellees prefer the language of WYO.STAT. § 1-5-101:

> (a) Actions for the following causes shall be brought in the county in which the subject of the action is situate, except as provided in W.S. 1-5-102 and 1-5-103:
>
> (i) For the recovery of real property, or of an estate or interest therein;
>
> (ii) For the partition of real property;
>
> (iii) For the sale of real property under a mortgage, lien or other encumbrance or charge.

The theory for relying upon the latter statute is that some of the documents, which the children challenge as being the product of undue influence, relate to the transfer of an interest in property in Hot Springs County. The reasoning is that the challenge of the validity of the deeds and trust amendments executed by Nicholson constitute an action "for the recovery of real property."

The children's claims for relief are much broader than an action to recover real property. They are premised upon undue influence as the predicate for the challenge of the documents. This is not essentially an action to recover real property. Other claims for equitable relief flow based upon that allegation of undue influence. The children seek a declaratory judgment with respect to undue influence, a constructive trust, an accounting; and they also charge as torts intentional interference with expectancy and civil conspiracy. We are satisfied these claims as they are set forth in the children's Complaint for Declaratory Judgment and Damages are far broader than simply a claim for the recovery of real property.

As justification for invoking WYO.STAT. § 1-5-107, the children allege:

1. Plaintiff Nancy N. Spear is a resident and citizen of the State of New Hampshire.

2. Plaintiff Elisabeth N. Holmes is a resident and citizen of the State of Virginia.

3. Plaintiff G.J. Guthrie Nicholson, III, is a resident and citizen of the State of Georgia.

The complaint then lists some thirty-four different defendants. Fifteen of the defendants are residents of Wyoming and nineteen are non-residents.

In plain language, WYO.STAT. § 1–5–107 sets forth the proposition that an action can be brought against a non-resident, **whether or not co-defendants reside in Wyoming,** in any county in which the **cause of action arose.** The complaint recounts Nicholson executed some of the challenged documents in Casper, and the children properly can seek venue in Natrona County. *See Baker v. First Nat'l Bank of Denver,* 603 P.2d 397 (Wyo.1979) (holding that causes of action may arise in the county where documents concerning property are executed, rather than where the property is situate.)

The widow, her son, and the other appellees contend, correctly, that the children's complaint does not allege Natrona County is the situs of the torts. The fact they did have notice of this assertion by the children is evidenced by the Memorandum Brief in Support of Defendants' Motion to Dismiss, which they filed in this case. In that document, the contention was made that there was no alleged tort nexus in Natrona County based upon Nicholson's execution in Casper of a third amendment to the original trust. We are satisfied, when the district court granted the Motion to Dismiss, there was before the court requisite information justifying the children's claim that venue was proper in Natrona County.

■ It was clear they relied upon the execution of some of the challenged documents in Casper. It is the exercise of undue influence upon Nicholson by the widow and her son, causing him to execute those documents, that constitutes the tortious acts asserted by the children. Venue properly exists where a tort is committed and where the cause of action arose. *See Baker* (holding that a cause of action arose in Colorado, where a note signed in Colorado was secured by property located in Wyoming). Other jurisdictions invoke this same rationale. *E.g., Ebell v. Seapac Fisheries, Inc.,* 692 P.2d 956 (Alaska 1984); *Whalen v. Snell,* 205 Mont. 299, 667 P.2d 436 (1983); *Straske v. McGillicuddy,* 388 So.2d 1334 (Fla.Dist.Ct.App.1980).

We hold the children alleged adequate facts to justify venue in Natrona County as being the place "where the cause of action arose" in accordance with WYO.STAT. § 1–5–107. Venue appropriately was placed in Natrona County and, since we have held the district court had subject matter jurisdiction, the children should have been permitted to proceed with the trial of their case in Natrona County.

■ As a part of their appeal, the children suggest we should recognize the torts of intentional interference with expectancy and civil conspiracy as causes of action in Wyoming. The trial court did not reach that issue, and it would be premature for us to address it. Our rule is that we do not furnish advisory opinions. *E.g., Wyoming Health Services, Inc. v. Deatherage,* 773 P.2d 156 (Wyo.1989); *State Bd. of Equalization v. Jackson Hole Ski Corp.,* 745 P.2d 58 (Wyo. 1987); *Brad Ragan Tire Co. v. Gearhart Indus.,* 744 P.2d 1125 (Wyo.1987); *Graham v. Wyoming Peace Officer Standards and Training Comm'n,* 737 P.2d 1060 (Wyo. 1987); *Kurpjuweit v. Northwestern Dev. Co., Inc.,* 708 P.2d 39 (Wyo.1985); *Reno Livestock Corp. v. Sun Oil Co. (Delaware),* 638 P.2d 147 (Wyo.1981); *Knudson v. Hilzer,* 551 P.2d 680 (Wyo.1976); *Wallace v. Casper Adjustment Serv.,* 500 P.2d 72 (Wyo.1972). Cf. *Engberg v. State,* 874 P.2d 890 (Wyo.1994); *Tobin v. Pursel,* 539 P.2d 361 (Wyo.1975); *Cranston v. Thomson,* 530 P.2d 726 (Wyo. 1975); *West v. Willey,* 453 P.2d 883 (Wyo. 1969).

In summary, we hold the district court had jurisdiction over the subject matter because WYO.STAT. § 2–2–101, as amended, did not provide for exclusive jurisdiction in the probate court. Venue was proper in Natrona County. The Order of Dismissal entered by

the district court is reversed, and the case is remanded for further proceedings.