[¶ 1] Deanna Bess George (the Decedent) executed a pour-over will and a revocable inter vivos Trust for the intended purpose of disinheriting her surviving spouse, Terrance Poland (Poland), and thereby effectively destroying his elective share under Wyo. Stat. Ann. § 2-5-101 (LexisNexis 2011) as to the property transferred to the Trust. The district court concluded that the assets transferred to the revocable inter vivos Trust were not subject to the elective share of the surviving spouse. We affirm the district court's entry of summary judgment in favor of the Decedent's estate.
 [¶ 2] In the related civil action, Case No. S-11-0087, Poland seeks $125,000.00 from the Trust as a creditor for work performed during the marriage on a commercial building solely owned by the Decedent and transferred to the Trust. The district court granted summary judgment for the Trust and dismissed the complaint with prejudice concluding that the claim was time barred under Wyo. Stat. Ann. § 4-10-507 (LexisNexis 2011). We affirm.
 FACTS [¶ 3] The Decedent and Poland were married in May of 1985. They did not have any children. The Decedent died on November 3, 2009. In 2003, along with her brother and sister, the Decedent inherited significant real and personal property from her parents. She held this property in her own name and never conveyed any interest in the property to Poland in any way during the marriage.
 [¶ 4] In 2008, the Decedent transferred her inherited property to her own revocable inter vivos Trust, the Deanna B. George Trust. The Decedent became the trustee and her sister, Elaine George Nalee (Nalee), was named the successor trustee.
 [¶ 5] It is also of note that on February 23, 2009, the Decedent initiated an action for dissolution of her marriage to Poland. The divorce action was dismissed as moot on April 16, 2010.
 [¶ 6] The Decedent's father had employed a similar trust to provide for his wife and three children. A spendthrift provision in the father's trust protected the trust assets until the death of the Decedent's parents. Although the Decedent and Poland were married at the time of the creation of her father's trust in 1989, the father's trust did not mention or provide for Poland.
 [¶ 7] In 2004, the Decedent signed a one-page holographic will that, if proven valid, would have entitled Poland to all of her property including the inherited property that Decedent had received in 2003. On April 3, 2008, the Decedent executed the pour-over will and a revocable inter vivos Trust with the intended result that the property held in the *Page 2 
Trust would not pass to Poland upon her death. These documents are the centerpiece of this matter. The probate matter was initiated by Poland's filing of the 2004 holographic will "In the Matter of the Estate of Deanna Bess George, Deceased," Probate No. PR 2010-4, Sheridan County District Court.
 [¶ 8] The 2008 Trust Agreement did provide for Poland in that it expressly states that Poland would receive the jointly-held property accumulated during the marriage and specifically excluded the jointly owned property from the Trust. Nevertheless, Poland now also claims the elective share provided by § 2-5-101 of the Wyoming Probate Code against the property transferred to and held in the Trust. The district court granted summary judgment to the estate concluding that such property was not subject to the elective share.
 ISSUES [¶ 9] As to the probate matter, Poland states the issues:
 Can a revocable inter vivos trust with testamentary provisions be used by one party to a marriage to defeat the elective share of the surviving spouse under the Wyoming Probate Code?
 Does the probate jurisdiction of the District Court, having been invoked by the filing of a will and trust, extend to legal and equitable matters concerning the trust?
In the civil action, Poland states the issue as follows:
 After the admission of a will with incorporated trust into probate in a district court in Wyoming, are the jurisdictional and procedural statutes of the Uniform Probate Code subordinate to those of the Uniform Trust Code?
 STANDARD OF REVIEW [¶ 10] The Court reviews summary judgment on a de novo basis. Because summary judgment involves a purely legal determination, we undertake de novo review of the trial court's summary judgment decision. Glenn v. Union Pac. R.R. Co., 2008 WY 16, ¶ 6,176 P.3d 640, 642 (Wyo. 2008). W.R.C.P. 56(e) provides in pertinent part:
 When a motion for summary judgment is made and supported as provided in this rule an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise *Page 3 
provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. [Emphasis added.]
W.R.C.P. 56(b) requires the moving party to demonstrate that there is no genuine issue of any material fact and that he is entitled to judgment as a matter of law. The Court will not disturb a summary judgment where the party opposing the motion neither files an affidavit pursuant to W.R.C.P. 56(f), nor files a motion pursuant to W.R.C.P. 6(b) requesting the enlargement of time to file the affidavits. Dudley v. East Ridge Dev. Co., 694 P.2d 113,116-17 (Wyo. 1985). We will affirm a grant of summary judgment if it can be sustained on any legal ground appearing in the record.Platt v. Creighton, 2007 WY 18, ¶ 7, 150 P.3d 1194,1198-99 (Wyo. 2007).
 [¶ 11] In reviewing the entry of summary judgment, we have said that we are to examine it in the same light as the district judge and treat it as though it was originally before this Court acting upon the same materials in the record, taking into consideration all the documents presented to the district court. Fegler v.Brodie, 574 P.2d 751 (Wyo. 1978). We have also said that summary judgment will be upheld where the appellant has not properly made all materials upon which he relied to oppose the summary judgment a part of the record. Toltec Watershed Improvement Dist. v.Johnston, 717 P.2d 808 (Wyo. 1986).
 [¶ 12] With regard to the review of the trust language, we have stated that a trust agreement is governed by the plain language contained in the four corners of the document. In re Estate ofLohrie, 950 P.2d 1030 (Wyo. 1997). In Lohrie we noted that we have construed and given effect to revocable trusts after the death of the settlor made them irrevocable. Id. at 1033 (citingFirst Nat'l Bank Trust Co. v. Brimmer,504 P.2d 1367 (Wyo. 1973); Hronek v. Saint Joseph's Children's Home,866 P.2d 1305, 1307 (Wyo. 1994)).
 [¶ 13] In First Nat'l Bank Trust Co., 504 P.2d at 1369 we said that in construing a trust agreement, the intention of the settlor must govern and, if possible, be ascertained from the trust agreement. We also said that:
 The clearly expressed intention of the settlor should be zealously guarded by the courts, particularly when the trust instrument reveals a careful and painstaking expression of the use and purposes to which the settlor's financial accumulations shall be devoted. A settlor must have assurance that his solemn arrangements and instructions will not be subject to the whim or suggested expediency of others after his death. *Page 4 
Id., 504 P.2d at 1371.
The Trust Agreement [¶ 14] The April 3, 2008 Trust Agreement at Section 5.4(a) states Decedent's intention with regard to Poland and the property that she had inherited from her parents:
 Trustor's Intention as to Trustor's Separate Property.
 The Trustor acknowledges that the Trustor is married to Terrance Poland at the time the Trustor establishes the Deanna B. George Trust under this written Agreement as originally dated April 3, 2008. The Trustor, however, declares and states that the Trustor expressly intends that all property and interests in property which are owned by the Deanna B. George Trust, or which becomes a part of the Deanna B. George Trust
following the death of the Trustor, whether through conveyance, assignment, or transfer during the lifetime of the Trustor, or through probate administration, or by contractual beneficiary designation or otherwise following the death of the Trustor, are and shall be deemed to be the sole and separate property or interests in property of the Trustor or solely and separately attributed to the Trustor, as property or interests in property which the Trustor has received from the Trustor's parents or other blood-relations by gift, inheritance, or death-related transfers or conveyances, or otherwise has acquired with the intent of having such property become, be, and remain the sole and separate property of the Trustor and to be so held under and subject to this Agreement; and, that all such property and interests in property are not, and shall not be, and shall not be characterized as, and shall not be deemed to be mar it al property of the Trustor with reference or respect to the Trustor's marriage to Terrance Poland, or any dissolution of such marriage. The Trustor further declares and states that the Trustor and the said Terrance Poland own other property, which they have titled in their joint names with spousal rights of survivorship between the two of them, and with the intention that such jointly owned survivorship property is not to be owned by or held subject to the Deanna B. George Trust under this Agreement, either as originally made and dated April 3, 2008, or as thereafter ever amended or restated. Therefore, the Trustor declares and states that the Trustor intentionally does not make any gift or other *Page 5 
disposition of any property or interest in property whatsoever unto the said Terrance Poland under or from the Deanna B. George Trust
under this Agreement, either as originally made and dated April 3, 2008, or as thereafter ever amended or restated; and, further declares and states that the said Terrance Poland does not have and shall not obtain or ever have any interest whatsoever, including but not being limited to any resulting, constructive, remainder, or any other beneficial interest in, under, or with regard to the Deanna B. George Trust under this written Agreement as originally dated April 3, 2008, or as thereafter ever amended or restated." [Emphasis in original.]
 [¶ 15] Simply stated, the Decedent went to great lengths to affirm her intention that Poland would not receive any interest in the solely owned property that she had inherited from her parents, but that Poland would receive the jointly owned property accumulated during the marriage. The Decedent emphasizes in a painstaking manner, that Poland "does not have and shall not obtain or ever have any interest whatsoever" in the property transferred to the Trust.
 [¶ 16] In the "Declaration of Trust" the Decedent also declares that the trustee and any successor trustee are "vested with legal title" to all of the property which was included in the Trust estate. The Decedent transferred and delivered to the Trust all real and personal property by specific description. On April 3, 2008, a quitclaim deed was executed by the Decedent, as grantor, "dealing in and with her own sole and separate property," in favor of the Trust. An assignment and transfer of stock was also executed at the same time, as well as a "Restated Specific Gift List," which did not include Poland. Therefore, the vast majority of the Decedent's property was transferred to the Deanna B. George Trust in 2008. On June 4, 2009, the Decedent executed an amendment to the Trust Agreement designating Nalee as the current trustee of the Trust.
 [¶ 17] As a practical matter, Decedent's property passed by virtue of the transfers to the Trust in 2008 and upon her death by virtue of the pour-over will or by the use of joint tenancy. In essence, the Decedent's property passed through the use of "will substitutes." "A `will substitute' is an arrangement that shifts the rights to property outside of probate to the donee at the donor's death." See 2 Restatement (Third) of Property: Wills Other Donative Transfers § 7.1 (2003). Most, if not all, of Decedent's assets were transferred by law without the need for probate.
The Pour-over Will [¶ 18] The 2008 will states, in pertinent part, that the *Page 6 
 . . . rest, residue, and remainder of my[decedent's] probate estate, whether real or personal property, . ., which I may have the power to dispose of at the time of my death by testamentary disposition, . . ., I hereby give, devise, bequeath, and appoint, IN TRUST, unto the successor Trustee of the DEANNA B. GEORGE TRUST, namely Elaine Nalee, who is my sister, or the alternate successor Trustee namely Jean Claude Bosio who is my brother-in-law,. . . .
"A `pour-over' devise is a provision in a will that (i) adds property to an inter vivos trust, or (ii) funds a trust that was not funded during the testator's lifetime but whose terms are in a trust instrument that was executed during the testator's lifetime." 1 Restatement (Third) of Property: Wills Other Donative Transfers § 3.8 (1999).
 [¶ 19] The will also named Nalee as the personal representative and her brother-in-law as the alternate personal representative. The will also stated that the property would be disposed of and distributed by the successor trustee "outside and exclusive of the supervisory or controlling jurisdiction of any Court."
 [¶ 20] The intent of the Decedent was that the matter would be handled without invoking the jurisdiction of the probate court. However, in this particular situation, the filing of the will and the Trust became necessary due to Poland's filing of the holographic will. Without the filing of the 2008 documents, the 2004 holographic will, if proven valid, could be admitted to probate. As demonstrated by this case, the creation of a trust and the transfer of the decedent's assets in the trust does not always obviate the need for a probate proceeding. Schneider v. Cate, 405 F.Supp. 2d 1254,1258 (D. Colo. 2005). Due to the existence of the holographic will, a probate proceeding was necessary to determine the validity of the 2008 pour-over will and the effect of the 2008 Trust.
Course of Proceedings in Case No. S-11-0086 [¶ 21] On January 5, 2010, Poland filed a "Petition for Probate and Administration Declaratory Relief/Notice of §2-5-101 Election" in the probate court. The petition sought to probate the holographic will dated June 8, 2004. The holographic will consists of a single paragraph on a single page, which passed all of the Decedent's "worldly goods, including property and stocks," to Poland.
 [¶ 22] In response, on January 12, 2010, the attorney for Nalee, in her capacity as the duly named and qualified personal representative of the Decedent and on behalf of Nalee in her capacity as the trustee of the Deanna B. George Trust, filed two documents in the probate proceeding: (1) a "Traverse to Petition for Probate and Administration Declaratory Relief/Notice of § 2-5-101 Election and Alternative Affirative [sic] Defenses;" and (2) "Alternative Petition for Probate and Administration of Estate of *Page 7 
Deanna B. George, Deceased and Letters Testamentary." The self-proving "Last Will and Testament" of the Decedent dated April 3, 2008 and the Deanna B. George Trust Agreement are attached to the documents. It also states that Poland is not one of the Decedent's "heirs" or "devisees" as defined in the Wyoming Probate Code, but as a matter of courtesy, Nalee mailed a copy of the alternative petition for probate and attachments to Poland's attorney.
 [¶ 23] The alternative petition for probate listed the heirs and devisees of the Decedent: (1) Elaine Nalee the Decedent's sister-heir; (2) the Deanna Bess George Trust dated April 3, 2008 (Sole Devisee); and (3) Theodore L. George (her brother-heir). This alternative petition for probate also states that none of the property in the Trust is subject to this probate proceeding as a part of the probate estate of the Decedent. The petition asserts that there should be no personal or real property of the Decedent available for probate except any personal or real property that was not somehow conveyed into the Trust.
 [¶ 24] Numerous affirmative defenses are asserted in the traverse filed by Nalee including, but not limited to: (1) that Poland's petition fails to state a claim upon which relief may be granted as the petition does not attach the alleged holographic will; and (2) that the Decedent left a valid self-proving pour-over will dated April 3, 2008 that is the valid last will of the Decedent. The traverse also challenged the subject matter jurisdiction of the probate court over the Trust.
 [¶ 25] Thereafter, the probate court entered an order admitting the April 3, 2008 will to probate and appointed Nalee as personal representative. Upon the filing of an oath, the probate court issued letters testamentary. With assistance of her attorney, Nalee prepared and published a notice of probate to creditors of the estate informing them that claims must be filed within three months from the date of publication. The creditors notice was published in the Sheridan Press Newspaper on February 23, 2010, and March 2 and 9, 2010.
 [¶ 26] An "Inventory of Assets and Report of Appraisal" was thereafter filed by Nalee on February 25, 2010. The inventory specifically gives notice as follows: "There are no assetssubject to probate, whether personal or real property, for which anappraisal can be done. All assets of the decedent at death were heldjointly with her husband, Terrance Poland, and have since been takenby Terrance Poland by affidavit." The document also claims that, "[p]rior to death, the decedent transferred all of her otherassets into Trust as shown in [the] January 12, 2010 filings by thePersonal Representative in this Court file." [Emphasis in original.]
 [¶ 27] On March 23, 2010, Poland filed three responsive documents in the probate proceeding: (1) "Surviving Husband's Verified Petition for Revocation of Will" seeking revocation of the 2008 will and asking for distribution of the estate; (2) "Notice of § 2-5-101 Election Petition for Elective Share Petition for Homestead Allowance/Request for *Page 8 
Hearing;" and (3) "Verified Creditor's Claim of Terrance Poland." All three of these documents were filed in the probate proceeding and sought relief by and through the estate. No creditor's claim was filed against the Trust by Poland. A summons was signed on March 23, 2010 by the clerk of the district court to Elaine Nalee, personal representative. Six months later, on September 28, 2010, the three documents were served upon Nalee by the sheriff. The return was filed on October 4, 2010.
 [¶ 28] A "Response to Petition to Revoke the Will" was filed by Nalee on April 20, 2010, which asserted several affirmative defenses including, but not limited to: (1) the Decedent's April 3, 2008 self-proving last will and testament and Trust are valid and binding in all respects and preclude Poland's claims in all respects; (2) there are no assets to probate; and (3) that the petition fails to state a claim upon which relief may be granted. This response was mailed to Poland's attorney and the Decedent's brother.
 [¶ 29] On September 1, 2010, Nalee filed a "Motion for Summary Judgment Favoring the Probate Estate on all Claims Set Forth on the Petition to Revoke Will filed by Terrance Poland" under W.R.C.P. 56. The motion was accompanied by supporting affidavits. The motion also contains a W.R.C.P. 56.1 statement of undisputed record facts. The motion asserts that the only issue before the probate court is the validity of the pour-over will.
The Untimely Response to Motion for Summary Judgment [¶ 30] On October 5, 2010, Nalee as the trustee, filed a motion to dismiss and for judgment on the pleadings under W.R.C.P. 12(b)(1) and 12(c) to dismiss the Trust from any kind of proceeding in the probate court. In footnote 1 this pleading provides, in pertinent part that:
 The Trust notes that the [Personal Representative] has previously responded to these claims by Mr. Poland in this Probate Case in a Motion for Summary Judgment filed with the Court on September 1, 2010 and served by hand delivery on Mr. Poland's counsel that day. Mr. Poland has never filed any response to that motion [for summary judgment] and no longer has the right to do so pursuant to W.R.C.P. 6(c), which required Mr. Poland to file any response to that motion on or before September 21, 2010. [Emphasis added.]
 [¶ 31] Poland's response to the September motion for summary judgment and three opposing affidavits were not filed until October 7, 2010. As previously explained, the late filing was not made by leave of the court. W.R.C.P. 6(c)(1) requires the responsive pleading to be filed in twenty days plus three days for mailing. Poland's response was *Page 9 
clearly filed out of time. Furthermore, there is no indication that a request to enlarge the time to respond was made by Poland or his attorney. W.R.C.P. 56(e) provides in pertinent part, "If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."
 [¶ 32] On October 13, 2010, Nalee filed an "Objection and Motion to Strike Untimely Response Pleading and Affidavits by Terrance Poland." The pleading alleges that Poland's response to the motion for summary judgment was untimely and the court could not consider it. The motion to strike the affidavits and response filed by Poland was granted by the district court.
 [¶ 33] A motion to consolidate the two cases was filed by Poland on October 7, 2010. Nalee's opposition to the motion to consolidate was also filed. The motion to consolidate was denied.
 [¶ 34] On October 20, 2010, Nalee also filed a motion to dismiss and alternatively for summary judgment in the probate court to dismiss her individually from any kind of party respondent or defendant from the proceeding in the probate court.
 [¶ 35] As to the creditor's claim filed by Poland in the probate proceeding on March 23, 2010, it was accompanied by, inter alia, a letter from a local contractor estimating the value of improvements at $125,500.00 made over a four-year period to the second floor of Dan's Western Wear Building on Main Street in Sheridan. The claim was made for $125,000.00 on the basis of quantum meruit, implied contract, and promissory estoppel. A "Rejection of Creditor's Claims" was filed by the estate and mailed on June 22, 2010 by Nalee to Poland. An affidavit of mailing was attached to the rejection of the creditor's claim filed against the estate.
Case No. S-11-0087 Course of Proceedings [¶ 36] With regard to the 2008 Trust in which most, if not all, of the Decedent's property was held, a "Notice of Intent to Distribute Assets" was published at the same time as the notice of probate. This notice was provided by the Trust and authorized by Nalee as successor trustee. The required information was provided to creditors under § 4-10-507(a). The notice was also specifically served on Poland's attorney in this matter.
 [¶ 37] On July 20, 2010, Poland filed a "Complaint for Monetary Damage and Equitable Relief" as a separate civil action in the amount of $125,000.00 for work done on the real estate owned by the Trust for the period of June 1, 2005 through February 23, 2009. An answer and alternative defenses and a set-off counterclaim were filed by Nalee on August 4, 2010. On the same day, a "Motion and Memorandum of the Deanna Bess George Revocable Trust Dated April 3, 2008 to Dismiss Pursuant to W.R.C.P. 12(b)(1) and/or (6) With Alternative Motion for Summary Judgment Pursuant to W.R.C.P 56" was filed by *Page 10 
Nalee in her capacity as trustee of the Trust. The motion asserts that Poland's complaint is time barred under § 4-10-507, as the complaint was not filed within 120 days of the required notice.
The District Court Decision [¶ 38] On February 25, 2011, the district court's order of dismissal including decision letter was filed. The district court granted the September 1, 2010 motion for summary judgment favoring the Decedent's estate on all claims set forth in the "Petition to Revoke the Will" filed by Poland, and the petition was dismissed with prejudice.
 [¶ 39] The district court stated the issue as: "Whether public policy prevents a decedent from using a trust as an estate planning tool to disinherit a spouse including a spouse's elective share." The district court specifically rejected Poland's public policy arguments. With regard to the probate matter, the district court concluded that the fact that there were no assets subject to probate, does not render void the transfer of assets during the Decedent's life.
 [¶ 40] In the separate civil action, the district court found that the complaint filed by Poland against the Trust was filed out of time under § 4-10-507. The undisputed facts establish that a "Notice of Intent to Distribute Assets" was published on February 23, 2010, and March 2 and 9, 2010 by the trustee of the Trust. Furthermore, the notice was sent by Nalee as the trustee of the Trust to potential creditors informing them that they had 120 days to assert claims pursuant to § 4-10-507. The notice was sent to Poland's attorney by certified mail return receipt requested. Poland received the notice on February 22, 2010.
 [¶ 41] Poland's complaint against the Trust was not filed until July 20, 2010. Poland failed to comply with the time limitations of § 4-10-507 and under the statute is forever prohibited from making any claim against the assets of the settlor's trust or from commencing any judicial proceeding against the settlor or the assets of the settlor's trust. Thus, the district court had no subject matter jurisdiction in this matter.
 [¶ 42] With regard to the October 5, 2010 trustee's motion to dismiss and for judgment on the pleadings, the district court ruled that the motion had been converted to a motion for summary judgment with the notice and consent of the parties at the November 12, 2010 hearing and granted the summary judgment on the basis that the court lacked jurisdiction over the Trust in this probate matter and dismissed all claims filed against the Trust with prejudice.
 DISCUSSION *Page 11 [¶ 43] In support of his argument in Case No. S-11-0086, Poland cites two divorce cases, Mann v. Mann, 979 P.2d 497 (Wyo. 1999) and Kane v. Kane, 706 P.2d 676 (Wyo. 1985), for the proposition that the right of free transferability is adjusted with the filing of a complaint for divorce and the jurisdiction of the district court may provide for the equitable treatment of the parties under Wyo. Stat. Ann. § 20-2-114 (LexisNexis 2011). Poland argues that the elective share provisions of § 2-5-101 and Wyo. Stat. Ann. § 2-6-101 (LexisNexis 2011) have a preclusive effect on the ability of a married person to transfer property otherwise included in the marital estate. In essence, Poland argues that the so-called forced share or the "elective share" under the probate code cannot be eliminated or destroyed by the use of a pour-over will and trust due to the equitable powers of the district court in an action for divorce. We do not agree. As noted by the court in Bongaards v.Millen, 793 N.E.2d 335, 345 (Mass. 2003):
 Death is not divorce, and the problems posed by each of those two life-altering events are profoundly different. It should not surprise us that the law, be it modern or antiquated, does not view death as the equivalent of divorce, or that the Legislature has adopted quite differing rules governing the disposition of property following those two events.
Poland relies upon the public policy argument in favor of a common law policy of unrestricted alienation of separate property during marriage, but would curtail this right based upon the equitable powers of the court once a divorce action is filed. In this case, although a divorce action had been initiated by the Decedent, it was rendered moot by her death. The fact that the divorce action became moot by the death of the party that initiated the action does not affect the disposition of property under the probate laws of this state or under the laws governing trusts. In essence, Poland argues that the estate for purposes of the elective share should include the non-probate property or be augmented by the non-probate property held in the 2008 Trust as a matter of policy.
Issue #1: Wyoming has Rejected the Augmentation Concept ofthe UPC [¶ 44] "Under the Revised Uniform Probate Code, the decedent's surviving spouse is entitled to an elective-share amount calculated by applying a specified percentage to the augmented estate[.]" 2 Restatement (Third) of Property: Wills Other Donative Transfers § 9.2(a) (2003). Simply put, the Wyoming Probate Code does not incorporate the augmented estate concept. The Wyoming legislature has not adopted this concept. For purposes of applying the augmented estate concept to the elective share of a surviving spouse, some states utilize an "illusory" test and some states use a "fraud" test. Regardless of the many variations used in other states, until the Wyoming legislature adopts a motive-based approach to the elective share, as well as the requirement that non-probate assets be added back to the probate estate for purposes of the elective share, the policy adopted by other states is largely irrelevant. *Page 12 
 [¶ 45] Wyoming may not be in accord with other states on the issue of whether or not certain non-probate assets should be added back to the probate estate for purposes of the surviving spouse's elective share. See Amundson v. Amundson (In re Estate of Amundson),621 N.W.2d 882, 886 (S.D. 2001). Under any circumstances this is a policy choice for the Wyoming legislature to consider, and either accept or reject.
 [¶ 46] Wyo. Stat. Ann. § 2-5-101(a) (LexisNexis 2011) provides for the elective share of a surviving spouse and states:
 § 2-5-101. Elective share of property.
 (a) If a married person domiciled in this state shall by will deprive the surviving spouse of more than the elective share, as hereafter set forth, of the property which is subject to disposition under the will, reduced by funeral and administrative expenses, homestead allowance, family allowances and exemption, and enforceable claims, the surviving spouse has a right of election to take an elective share of that property as follows:
 (i) One-half(1/2) if there are no surviving issue of the decedent, or if the surviving spouse is also a parent of any of the surviving issue of the decedent; or
 (ii) One-fourth(1/4), if the surviving spouse is not the parent of any surviving issue of the decedent.
 [Emphasis added.]
The elective share of a surviving spouse under § 2-5-101 of the Wyoming Probate Code only applies to dispositions by will.
 [¶ 47] In Briggs v. Wyoming Nat'l Bank,836 P.2d 263 (Wyo. 1992), we determined that a waiver of the right to challenge an inter vivos trust did not violate the elective share statute. This Court noted that Wyoming's elective share statute "states that it is applicable to testamentary or `will' dispositions of property." Id. at 273. The Briggs court also notes that the laws of the states vary with respect to the right of the survivor to claim a share of assets transferred to a revocable trust before the decedent's death. Id. at 274. For example, other states utilize different statutory criteria to determine the validity of the inter vivos transfers to an inter vivos trust with regard to the elective share.
 [¶ 48] On the other hand, the plain language of the elective share statute is limited to "disposition by will." This so-called bright line rule is not dependent on the decedent's intent or retentionof control. Section 2-5-101 begins with the condition, "[i]f a married person domiciled in this state shall by will deprive the surviving spouse of more than the elective share, . . ." Here, the surviving spouse was not deprived by will, but *Page 13 
rather by the Decedent's transfer of property to a revocable inter vivos Trust prior to her death. We have found no legal basis, nor has Poland cited any legal basis, for this Court to augment for purposes of the elective share the probate estate of the Decedent with the property transferred to the Trust prior to Decedent's death or with property transferred by will substitutes at the time of Decedent's death.
 [¶ 49] The Wyoming Probate Code defines "Will" at Wyo. Stat. Ann. § 2-1-301 (a)(xxxiv) (LexisNexis 2011) to include "a codicil, a testamentary instrument that merely appoints an executor, or a testamentary instrument that merely revokes or revives another will." In this case the will does more than merely appoint an executor or merely revoke a will; it actually pours-over the assets held at death by the Decedent into the Trust. Albeit that this is a relatively small amount of property; nevertheless, this transfer is made pursuant to Wyo. Stat. Ann. § 2-6-103 (LexisNexis 2011).[1]
 [¶ 50] In addition, prior to 2007, Wyo. Stat. Ann. § 4-10-505, now § 4-10-506(c), provided: *Page 14 
 § 4-10-505. Creditor's claim against settlor.
 (a) Whether or not the terms of a trust contain a spendthrift provision, the following rules apply:
 . . . .
 (iii) After the death of a settlor, and subject to the settlor's right to direct the source from which liabilities will be paid, the property of a trust that was revocable at the settlor's death, is subject to claims of the settlor's creditors, costs of administration of the settlor's estate, the expenses of the settlor's funeral and disposal of remains and statutory allowances as provided in W.S. 2-5-101 and 2-5-103 to a surviving spouse and children to the extent the settlor's probate estate is inadequate to satisfy those claims, costs of administration, expenses, and allowances as provided in W.S. 2-5-101 and 2-5-103." [Bolded text deleted in 2007 amendment.]
2007 Wyo. Sess. Laws, ch. 155, § 3.
 [¶ 51] Ordinarily, when a statute is amended by deleting an express provision, the presumption is that a substantial change in the law was intended. Payne v. Laramie, 398 P.2d 557,561 (Wyo. 1965). The legislature's intent is clear that by its 2007 amendment to § 4-10-506, that property transferred to a revocable trust by the decedent prior to death was not subject to the elective share of a disinherited surviving spouse.
 [¶ 52] In 2007, the legislature specifically removed from § 4-10-506(c) the language that previously provided that property held in a revocable trust was subject to the elective share of a disinherited spouse. The amendments to § 4-10-506(c) removed the specific references to "the statutory allowances as provided in §§ 2-5-101 and 2-5-103 to a surviving spouse and children" and "allowances as provided in §§ 2-5-101 and 2-5-103." 2007 Wyo. Sess. Laws, ch. 155, § 3.
 [¶ 53] The Wyoming legislature has not adopted or integrated the concept of augmenting the estate for purposes of computation of the elective share with the non-probate assets transferred to an inter vivos trust during the lifetime of the decedent. There is a definite split of authority between the states as to whether or not assets transferred and held in a revocable inter vivos trust are to be added back to the estate for purposes of the elective share. However, the legislature has specifically addressed how this split of authority should be viewed by this Court.
 [¶ 54] Wyo. Stat. Ann. § 4-10-1101 (LexisNexis 2011) provides:
 § 4-10-1101. Uniformity of application and construction. *Page 15 
 In applying and construing this act, consideration shall be given to the need to promote uniformity of the law with respect to its subject matter among states that enact it. With respect to article 5 of this act, a court shall not give consideration to cases from jurisdictions that have adopted some version of the Uniform Trust Code, but have not modified article 5 of the Uniform Trust Code in a manner similar to Article 5 of this act. [Emphasis added.]
 [¶ 55] Article 5 referred to above contains § 4-10-507. The second sentence was adopted in 2007 as part of the same act that removed the elective share from the list of claims now found in § 4-10-506. Given the split of authority found in other states, we agree that the consideration of case law from other jurisdictions would be of limited assistance in this case given the clear and unambiguous language used by the legislature. See
2007 Wyo. Sess. Laws, ch. 155, § 3.
 [¶ 56] It is reasonable to suggest that the legislature during its consideration of the 2007 amendments was made aware of the different criteria used by other states to implement the augmentation rule, as well as the need to clearly define its intent with regard to these multiple and sometimes confusing methods used to address this issue in other states. For a comprehensive article explaining that "most of the confusion stems from the approach to the problem taken by the courts and from their being overly concerned with the statute of wills: See V. Woerner, Annotation, "Pour-over Provisions from Will to Inter Vivos Trust," 12 A.L.R. 3d 56 (1967 and 2011 Supp.).Also see Bezzini v. Department of Soc. Servs.,715 A.2d 791 (Conn. 1998); Taliaferro v. Taliaferro,843 P.2d 240 (Kan. 1992); Soltis v. First of Am. Bank-Muskegan,513 N.W.2d 148 (Mich. 1994) and Dumas v. Estate of Dumas,627 N.E.2d 978 (Ohio 1994) (involve cases holding that assets held in a revocable inter vivos trust are not subject to the surviving spouse's elective share). For cases holding that assets transferred to an inter vivos trust were subject to the elective share of a surviving spouse, see Dunnewind v. Cook, 697 N.E.2d 485, 489
(Ind. Ct. App. 1998), and In re Estate of Inter, 664 A.2d 142,147 (Pa. 1995); Sieh v. Sieh, 713 N.W.2d 194 (Iowa 2006).
 [¶ 57] Furthermore, the Uniform Trust Code also provides at Wyo. Stat. Ann. § 4-10-106 (LexisNexis 2011), "The common law of trusts and principles of equity supplement this act, except to the extent modified by this act or another statute of this state. When interpreting article 5 of this act, the court shall first use the law of this state, then general common law." The law of this state includes the following legislative directive at Wyo. Stat. Ann. § 2-1-102(a)(ii) and (iv) (LexisNexis 2011) that provide that the Wyoming Probate Code shall be liberally construed and applied to promote the following purposes: to "[d]iscover and make effective the intent of a decedent in distribution of his property;" and to "[f]acilitate use and enforcement of certain trusts." We are of the opinion that the district court properly determined that summary judgment was appropriate in this matter *Page 16 
in that the Decedent's testamentary intent regarding the property transferred to the Trust was made effective and the 2008 Trust was enforced.
Issue #2: The Jurisdiction of the Probate Court over theTrust [¶ 58] Although the filing of the will was made necessary by Poland's filing of the holographic will, it was also necessary to invoke the jurisdiction of the probate court to implement the intent of the Decedent contained within the 2008 will and Trust. The will not only revokes the 2004 holographic will filed by Poland, it also transfers to the Trust the remainder of the property accumulated by the Decedent from the time of creation of the will and Trust in 2008 to the time of death under § 2-6-103. At the same time, none of the claims filed by Poland in the probate proceeding were directed at the Trust, but rather were directed at the estate. Poland sought to revoke the 2008 will, as opposed to the Trust. As a matter of law, the elective share, § 2-5-101, is limited to deprivation by will. What's more, it is clear that by its own terms, the creditor's claim was filed against the estate and not the Trust.
 [¶ 59] By his own choice, Poland proceeded against an estate that was penniless. It is undisputed that Poland did not file a claim within the statutory 120-day limit under § 4-10-507. By the time the complaint was filed against the Trust, it was simply too late. In any event, the issue of whether the probate court can address the validity of the Trust is not presented by this matter. Poland has never claimed that the 2008 Trust was invalid.
Issue #3: Jurisdiction over the Creditor's Claim [¶ 60] Wyo. Stat. Ann. § 4-10-507 (LexisNexis 2011) provides:
 § 4-10-507. Limitation on action by creditors.
 (a) Subject to the rights of persons dealing with a fiduciary as provided in W.S. 4-10-1013, a creditor may file a claim against the assets of the trust or commence a judicial proceeding to contest the validity of a trust that was revocable at the settlor's death within the earlier of:
 (i) Two (2) years after the settlor's death;
 (ii) One hundred twenty (120) days after a notice of the intent of the trustee to have the property of the settlor distributed as permitted under the terms of the trust has been published once per week for two (2) consecutive weeks in a newspaper of general circulation in the county or counties where venue of the trust is properly established as provided in W.S 4-10-204; or
 (iii) One hundred twenty (120) days after known creditors have been mailed notice, by certified *Page 17 
mail return receipt requested. The notice shall inform the creditor:
 (A) Of the trust's existence;
 (B) Of the trustee's name and address;
 (C) That the creditor shall make all claims in writing to the trustee within one hundred twenty (120) days of the date of mailing of the notice; and
 (D) That time allowed for commencing a proceeding to contest the validity of a trust or of the proposed distribution of the trustee is one hundred twenty (120) days from the date of mailing of the notice.
 (b) A creditor failing to file his claim or to commence a judicial proceeding to contest the validity of a trust within the times provided is forever prohibited from making any claim against the assets of the settlor's trust or commencing any judicial proceeding against the settlor or the assets of the settlor's trust.
 [¶ 61] The question of jurisdiction is always present in any case and can be raised at any time. It is a matter which the Court has a duty to raise at any time upon its own motion. In re Estate ofFulmer, 761 P.2d 658, 660 (Wyo. 1988). If the lower court is without jurisdiction, then this Court is also without jurisdiction. Id. Also, as a rule we do not furnish advisory opinions.Spear v. Nicholson, 882 P.2d 1237,1242 (Wyo. 1994).
 [¶ 62] The Wyoming Probate Code requires that a creditor file any claim it may have against the estate within the time limited in the notice to creditors. Any claim not so filed is forever barred under Wyo. Stat. Ann. § 2-7-703(a) (LexisNexis 2011). Stringari v.Taylor (In re Estate of Novakovich), 2004 WY 158,101 P.3d 931 (Wyo. 2004). Case No. S-11-0087 presents an issue involving the failure of the surviving spouse to timely present his creditor's claim against the Trust as required by § 4-10-507. This untimely filing of the complaint deprives this Court as well as the lower court of subject matter jurisdiction. As noted above, we do not render advisory opinions. We simply do not have the authority to become legal advisor to the estate planning community. We cannot issue any rulings where the Court does not have jurisdiction.
 [¶ 63] This Court is without jurisdiction to address the substance of the underlying issue in Case No. S-11-0087. We affirm the entry of summary judgment by the district court on the basis of the lack of subject matter jurisdiction. In this regard, it should be noted that the creditor's claim filed in this case was a claim against the estate by its own admission, "the undersigned credtor [sic], Terrance Poland, asserts the following claim against the estate of Deanna B. George." The claim also cites Wyo. Stat. Ann. §§ 2-7-706 *Page 18 
and 2-7-709 (LexisNexis 2011) as the applicable authority which specifically involves "Claims against Estate."
 [¶ 64] Here, Poland was served with the notice on February 22, 2010. The notice was also published for three consecutive weeks in the local newspaper, as opposed to the two weeks mandated by the statute. Poland had actual notice of the 2008 will and Trust upon receipt of the traverse and alternative petition for probate filed by Nalee on January 12, 2010. Poland was also given notice of the lack of assets in the estate in the "Inventory of Assets." Poland was given multiple notices of the fact that most, if not all, of Decedent's property and assets had been transferred to the inter vivos Trust. The residue property was transferred to the Trust by virtue of the pour-over will upon her death. Poland was informed many times that there were no assets subject to probate due to transfers to the Trust.
 [¶ 65] Furthermore, the Court has stated that there are limits on a court's authority to advise and instruct trustees, the prime limitation being that courts should not serve as legal advisor to trustees. The rules of construction of a trust agreement are simple. A trust agreement is governed by the plain language contained in the four corners of the document. Where there is no ambiguity and the language is clear and susceptible of only one construction, then the plain provisions of the trust instrument must be given effect.Rock Springs Land Timber, Inc. v. Lore, 2003 WY 100,75 P.3d 614 (Wyo. 2003). The goal of the probate court should be a speedy settlement and adjudication of the rights in the property of a decedent. Pike v. Markman, 633 P.2d 944, 947 (Wyo. 1981). In any event, the case is subject to the time restraint of § 4-10-507.
 [¶ 66] Here, Poland has never filed a claim against theTrust. It is true that he did file a claim against theEstate. The claim against the estate was rejected by the estate. In any event, Poland cannot bootstrap the rejection of the claim by the Estate into a right to file a complaint against the Trust, where the suit was late under the limitation of § 4-10-507. The failure of Poland to file the complaint in a timely manner deprived the court of jurisdiction. The district court properly entered summary judgment for the Trust and trustee.
 CONCLUSION [¶ 67] Simply stated, the Decedent went to great lengths to state her intention that Poland would not receive any interest in the solely owned property that she had inherited from her parents, but that Poland would receive the jointly owned property accumulated during the marriage upon the Decedent's death. The Decedent clearly states in her estate planning documents that Poland "does not have and shall not obtain or ever have any interest whatsoever" in the property transferred to the Trust. *Page 19 
 [¶ 68] Here, the property transferred to the Trust was never legally the property of the Decedent's estate. We cannot as a matter of law find any basis for making this property a part of the Decedent's estate for purposes of the elective share. And, Poland has not provided this Court with any legal basis for doing so.
 [¶ 69] Moreover, the legislature has limited creditors' claims against revocable inter vivos trusts as provided in § 4-10-507. Poland has failed to meet the requirements for invoking the court's subject matter jurisdiction over his creditor's claim.
 [¶ 70] We affirm the district court in both cases.
[1] Here, the Decedent utilized some rather complex and legally sophisticated estate planning devices. A "pour-over" devise must be validated by statute, by incorporation by reference, or by independent significance. Unless properly validated, the pour-over devise is invalid because the beneficial devisees are not identified in a document executed in compliance with the statutory formalities for a valid will. Wyoming enacted a statute that is similar in substance to the Uniform Testamentary Additions to Trusts Act. Wyo. Stat. Ann. § 2-6-103 (LexisNexis 2011), which was originally adopted on February 20, 1957, provides that:
 § 2-6-103. Property passed may be governed by trust instrument.
 By a will signed and attested as provided in this article a testator may devise and bequeath real and personal estate to a trustee of a trust which is evidenced by a written instrument in existence when the will is made and which is identified in the will, even though the trust is subject to amendment, modification, revocation or termination. Unless the will provides otherwise the estate so devised and bequeathed is governed by the terms and provisions of the instrument creating the trust including any amendments or modifications in writing made before or after the making of the will and before the death of the testator. [Emphasis added.]
Section 2-6-103 has the effect of validating the pour-over will as it relates to the assets poured-over into the Trust on the death of the Decedent. This rule of construction applies "unless a contrary intention is indicated in the will." See Wyo. Stat. Ann. § 2-6-105 (LexisNexis 2011). The pour-over provisions of the will transfer the residue or remainder of the property accumulated by the Decedent from the time of creation of the will and Trust in 2008 to the time of death. Section 2-6-103 validates the will and Trust, which govern the disposition of the estate including the remainder. Thus, the property of the Trust is not disposed of by the will. *Page 1