In the Matter of the Estate of RAFFAEL ROTHOLZ, Deceased.

Surrogate's Court, Bronx County, November 15, 1937.

*Pollock & Nemerov* [*Maurice J. Dix* and *Solomon Herman* of counsel], for the proponent.

*David Marshall Holtzmann*, for Max Jonas, legatee.

*Noah L. Braunstein*, special guardian.

HENDERSON, S. The paper offered for probate is a holographic will which was executed in Palestine in accordance with German law by the decedent, who died in New York.

The proponent urges that it is entitled to probate pursuant to section 23 of the New York Decedent Estate Law, which provides:

" § 23. What wills may be proved. A will of real or personal property, executed as prescribed by the laws of the State, or a will of real or personal property executed without the State in the mode prescribed by the law, either of the place where executed or of the testator's domicile, provided such will is in writing and subscribed by the testator, may be admitted to probate in this State."

Its admissibility depends on whether or not the decedent's domicile was in Germany at the time of his death.

The decedent had been a practicing physician in Berlin for many years. Living conditions in Germany became distasteful to him, and he decided to leave permanently and to make his future home in the United States. Prior to this he had visited Palestine, and upon his return had stated that he did not desire to make his home there. Owing to governmental restrictions he was unable to get his money out of Germany except by subterfuge. He purchased cattle which he shipped to Palestine. It was his stated plan to collect what he could from the sale of the cattle and then to come to the United States. He proceeded to Palestine, where he executed the propounded instrument. Later he sailed to the United States, where he resided until his death.

A person may have but one domicile, though he may have a number of residences. Living in a particular locality is sufficient for becoming a resident of it, but to become domiciled in a particular place there must be the actual presence coupled with an intention to make it the permanent home. Once a domicile has been established it continues until a new one is acquired. (*Matter of Newcomb*, 192 N. Y. 238, 250.)

This decedent was not domiciled in Palestine because while he resided there he had no intention to make that country his permanent home. He was not domiciled in the United States at

the time of the execution of the paper because intention must be coupled with residence.

Germany remained the decedent's domicile until he acquired the new one in the United States, which was after the execution of the will.

Probate will be decreed. Proceed accordingly.