Aron Steuer, J.
Defendant appears specially and moves to vacate the service of the summons by substituted service. Defendant is a resident of Switzerland. He came to New York on June 9, 1958, accompanying his wife. The occasion of the visit was the filming of a motion picture in which defendant’s *193 wife was acting. The couple stayed at a hotel from June 9 to June 23, 1958. They then sublet an apartment which they occupied until August 16, 1958. Application for substituted service and the granting of the order both took place while the defendant was in this city.
Section 230 of the Civil Practice Act allows substituted service on “ a natural person residing within the state ’ ’. The question is whether defendant, when the order was obtained and the service made, was residing within the State. Residence does not mean domicile. Even one domiciled here, if not a resident, cannot be served (Lerman v. Coppermcm, 183 Mise. 352). But a resident who is not domiciled here can. Residence implies some degree of permanence (Washington v. Thomas, 103 App. Div. 423). The degree is somewhere between the traveller passing through and the permanent inhabitant. Decisions have reached various conclusions on the proper meaning. Here the stay was somewhat in excess of two months. In common parlance defendant was living here. He was not in that same sense a visitor. He was part of the local scene to a degree that one casually and briefly here never attains.
In ordinary speech, which is the proper medium of interpretation of this action, he was residing here. His further application to examine the process server on his allegations that he was unsuccessful in locating defendant would serve no useful purpose.
Motion is denied. Defendant will have 20 days after service of a copy of the order to be entered herein in which to answer or move in regard to the complaint.