Aron Steuer, J.
Defendant moves to set aside service made upon her by substitution on the ground that she was not a resident of this State. The facts are that defendant is domiciled in Rhode Island, where she lived with her husband up to the time of his death. Some time prior to the attempted service herein defendant purchased a co-operative apartment at 720 Park Avenue in this city. The building was then under construction and the furnishing and decorating of the apartment had not reached a stage at the time of said service where it was possible for her to occupy the apartment. Nor did she acquire or use any other residential space here while her apartment was being prepared.
The question is, did she become a resident upon her purchase of the apartment, or at least when the apartment building was ready to receive her, or not until she actually moved in. Residence and domicile are not words of universal application, but *208 must always be considered and their meaning determined in relation to the particular question or statute involved (Rawstone v. Maguire, 265 N. Y. 204). No exact definition of a resident is given in the applicable sections (Civ. Prac. Act, §§ 230, 231), and attempts at definition have not been particularly successful in furnishing an absolute guide.
Here the question is one of time rather than place. At some near future time she would become a resident without further act on her part. The question becomes, had that time arrived when she was purportedly served. The ownership of an apartment would make defendant a resident despite the fact that similar residences elsewhere might house her a greater portion of the year. While domicile is not the test, there is a domiciliary factor in ownership of a place of abode that designates a resident. Obviously, that status would attach from the time the place of abode as such was acquired. In many instances this would be a question of degree — residence would not be implied from ownership of an undeveloped plot of land, but would be from a home ready for occupancy even though that occupancy had not yet begun. As stated before, the rather nebulous test is whether in common regard the owner would then be considered a member of the local community (Scoe Corp. v. Paramount Pictures Corp., 17 Misc 2d 192). The stage which defendant had reached in being integrated into that community by reason of her acquisition and the closeness both in time and circumstance to actual occupation would make her a resident.
Motion denied. The cross motion has been withdrawn.