Anthony M. Livoti, J.
This is an application pursuant to section 618 of the New York State Insurance Law for an order permitting the petitioner to sue the Motor Vehicle Accident Indemnification Corporation.
The petitioner allegedly was injured by a “ hit and run” vehicle. He asserts, and respondent does not deny, that he has complied with the notice requirements of the statute; that he was not at the time of the accident operating an uninsured motor vehicle or operating a motor vehicle in violation of an order of suspension or revocation; that he has a cause of action against the operator or owner of a “ hit and run” vehicle; that all reasonable efforts have been made to ascertain the identity of the motor vehicle and of the owner and operator thereof; that the identity of the vehicle and its owner and operator cannot be established and that the application is not made on behalf of an insurer or surety.
*836 The Motor Vehicle Accident Indemnification Corporation denies, however, that the petitioner is a “qualified person It bases this claim on the contention that the petitioner was not a “resident” of the State of New York on the date of the accident.
Petitioner is a national of the Republic of the Philippines. He has lived continuously without interruption within the State of New York for over eight years. During this time he has been a full-time student at New York University and is presently a candidate for an advanced degree. He lives in an apartment in Queens County.
Respondent contends that petitioner is a “ foreign exchange student ” and that as such he cannot be a resident of this State. The petitioner, however, has been issued a regular Philipjoine passport which may be used for the purpose of establishing a residence in this country. He claims that when he finishes his studies at New York University he intends to continue living in this country and to obtain employment here.
The sole question to be decided is whether this court can satisfy itself as to whether or not the petitioner is a resident of the State of New York. The word “ resident ”, although commonly used, is not easily susceptible of definition. The respondent contends, in effect, that it should be held to be synonymous with domicile. Generally, however, residence is not held to be synonymous with domicile. (Scoe Corp. v. Paramount Pictures Corp., 17 Misc 2d 192.) In some cases the word “residing” has been held to be synonymous with the word “sojourn”. (Matter of Gahn, 110 Misc. 96.) In the latter case, a student nurse at Flower Hospital in New York was held to be a resident of this State for the purpose of serving process, even though her domicile was in the State of Vermont. In most eases residents are held to be somewhere between persons just passing through a place and persons who are permanent inhabitants thereof. (Scoe v. Paramount Pictures Corp., supra.) In the Scoe case (supra) a defendant who lived in this State two months while his wife was making a motion picture was held to be a resident for the purpose of serving process.
It has been held that the term “ resident ” may be used in a strict primary sense of one actually living in a place for a time irrespective of domicile. (Douglas v. New Haven R. R. Co., 279 U. S. 377, 386; Matter of Rotholz, 164 Misc. 914.) Moreover, a person need not have determined to make a State always his home in order to be considered a resident thereof. (Bump v. New York, New Haven Hartford R. R. Co., 38 App. Div. 60, 62.)
*837 It would thus appear that a person may be a domiciliary of one place and a resident of another, and even a resident of more than one place (Matter of Rotholz, supra).
The court is satisfied that the petitioner herein is certainly more than a visitor or mere sojourner of the State of New York and that he has established a fixed abode for the time being as distinguished from a mere temporary abode. Accordingly, it is satisfied that he is a resident within the meaning of the statute. The court is also satisfied that the petitioner meets all of the other requirements specified in section 618 of the Insurance Law. Petitioner’s application is granted.