2006 WY 21

**Jane Sharrai POWELL, Appellant (Petitioner),**

v.

**The ESTATE OF John Ewing FLETCHER, Deceased, Appellee (Respondent).**

No. 05–84.

Supreme Court of Wyoming.

Feb. 21, 2006.

Representing Appellant: Jody L. James of James and Scott, P.C., Rock Springs, Wyoming, and Edward G. Collister, Jr. of Collister & Kampschroeder, Lawrence, Kansas.

Representing Appellee: George Lemich and Clark Stith of Greenhalgh, Beckwith, Lemich, Stith & Cannon, P.C., Rock Springs, Wyoming.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

VOIGT, Justice.

[¶ 1]    Jane Powell married John Fletcher in 1963.  She subsequently married Ralph Takemire in 1995.  In 2003, Fletcher passed away.  Powell was not granted a share of Fletcher's estate under his will, so she sought her spousal elective share pursuant to Wyo. Stat. Ann. § 2–5–101 (LexisNexis 2005).  The district court, sitting in probate, denied Powell's claim.  We affirm.

## ISSUE

[¶ 2]    Did the district court err when it placed the burden on Powell to prove her marriage to Fletcher had not been dissolved and found that Powell had not sustained that burden?

## FACTS

[¶ 3]    Powell first married Fletcher in 1958, but they divorced in 1961.  About a year and a half later, Powell and Fletcher remarried in California and cohabitated until 1971 when, according to Powell, Fletcher abandoned Powell and the couple's two children.  In the years immediately following the separation, there was apparently intermittent contact between the two, but they no longer lived together.

[¶ 4]    Some time after Fletcher and Powell separated, Powell moved in with Cleveland Menifee and took his last name.  The couple had two children together.  Though they were not formally married, they held themselves out to some extent as man and wife until Menifee's death in 1978.

[¶ 5]    In 1995, Powell married Takemire, to whom she remained married at the time of Fletcher's death.  Upon Fletcher's death, however, Powell claimed that her marriage to Takemire was invalid and sought a spousal elective share of one-half of Fletcher's estate under Wyo. Stat. Ann. § 2–5–101.  The executor of Fletcher's estate denied her claim, believing that Powell was equitably estopped from asserting her rights as Fletcher's spouse by her "marital or common-law relationship" with Menifee and later marriage to Takemire.  Powell contested this finding and a hearing was held by the probate court.

[¶ 6]    The probate court agreed with the executor's conclusion, but applied a presumption that Powell's marriage to Takemire was valid and, therefore, Powell's previous marriage to Fletcher had been previously dissolved.  The probate court concluded that Powell had failed to prove that her marriage to Fletcher had not been dissolved by divorce, and denied Powell's claim.  Powell now appeals.

## STANDARD OF REVIEW

[¶ 7]    We review a probate court's findings of fact to determine whether they are clearly erroneous, inconsistent with the evidence, or contrary to the great weight of the evidence, and its conclusions of law to determine whether they are truly in accordance with the law.  *In re Estate of Jackson,*

892 P.2d 786, 788 (Wyo.1995). We have said that,

> "[t]he factual findings of a judge are not entitled to the limited review afforded a jury verdict. While the findings are presumptively correct, the appellate court may examine all of the properly admissible evidence in the record. Due regard is given to the opportunity of the trial judge to assess the credibility of the witnesses, and our review does not entail re-weighing disputed evidence. Findings of fact will not be set aside unless they are clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."

*Harber v. Jensen*, 2004 WY 104, ¶ 7, 97 P.3d 57, ¶ 7 (Wyo.2004) *quoting, Life Care Centers of America, Inc. v. Dexter*, 2003 WY 38, ¶ 7, 65 P.3d 385, ¶ 7 (Wyo.2003). Furthermore, in reviewing a trial court's findings of fact,

> "we assume that the evidence of the prevailing party below is true and give that party every reasonable inference that can fairly and reasonably be drawn from it. We do not substitute ourselves for the trial court as a finder of facts; instead, we defer to those findings unless they are unsupported by the record or erroneous as a matter of law."

*Id.* Of course, we review the district court's conclusions of law *de novo. Double Eagle Petroleum & Mining Corp. v. Questar Exploration & Production Co.*, 2003 WY 139, ¶ 6, 78 P.3d 679, ¶ 6 (Wyo.2003). *Powder River Ranch, Inc. v. Michelena*, 2005 WY 1, ¶ 8, 103 P.3d 876, 879–80 (Wyo.2005).

### DISCUSSION

[¶ 8] Powell makes two arguments in support of her contention that the district court erred when it declined to award her a spousal elective share of Fletcher's estate. First, she argues that the burden of proof was misplaced when the district court required her to prove that her marriage to Fletcher had not been dissolved by divorce. Second, Powell argues that the evidence was insuffi-

cient to demonstrate that the marriage had been dissolved.

[¶ 9] As a general rule, one who is already married cannot subsequently marry another and any such later marriage is void. 55 C.J.S. *Marriage* § 18 (1998). However, there is a countervailing preference in the law to uphold the validity of a marriage, even when it appears that one of the parties to the marriage has been married before. *Id.* § 52; *Shreyer v. Shreyer*, 113 Colo. 219, 155 P.2d 990, 992 (1945). In light of these competing propositions, a presumption exists that a subsequent marriage is valid and, as a consequence, any prior marriage entered into by one of the parties is presumed to be dissolved through death or divorce. 55 C.J.S. *Marriage* § 53 (1998). We have said that:

> As early as 1934 in the case of *In re St. Clair's Estate*, 46 Wyo. 446, 28 P.2d 894 (1934), this court stated that second marriages are presumed to be valid, and such presumption can be overcome only by clear and convincing evidence. The court quoted with approval 18 R.C.L. 419, 420, §§ 43, 44, as follows:
>
>> " ' * * * The presumption, which increases in strength with the lapse of time, can only be overcome by clear and convincing evidence to the contrary, and the evidence to overcome it must be especially strong after the lapse of a great many years. To overcome the *prima facie* case established by the showing of a subsequent marriage, proof of a former marriage is required, and also evidence from which it may be concluded that it has not been dissolved by death or divorce. Mere proof of a prior marriage and that one party had not obtained a divorce is not sufficient, for the other might have obtained such divorce and left him or her free to contract the second marriage.' " Id., at 897.

*In re Fray*, 721 P.2d 1054, 1058 (Wyo.1986).

[¶ 10] Powell claims that this rule does not apply in the instant case because it "does not involve two competing wives" who are vying for a single spousal inheritance, as in *In re St. Clair's Estate* and *In re Fray*. However, Powell fails to explain why such a

distinction should alter our established rule. We think it evident that whether two wives marry the same decedent or one wife marries a decedent and later marries a third party, the burden remains on the party asserting the validity of the prior marriage—and the invalidity of the subsequent marriage—to prove the prior marriage was not dissolved. The authorities in other jurisdictions agree. *See* J.E. Keefe, Jr., Annotation, *Presumption as to Validity of Second Marriage,* 14 A.L.R.2d 7 (1950 & 1987–2005 Cum.Supp.); and 55 C.J.S. *Marriage* § 53. As we said in *In re St. Clair's Estate,*

> Every intendment of the law is in favor of matrimony. When a marriage, therefore, has once been shown ... the law raises a strong presumption in favor of its legality; so that the burden is with the party objecting, throughout, and in every particular, to prove, against the constant pressure of this presumption of law, that it is illegal and void.

28 P.2d 894, 897 (Wyo.1934) (internal citations and quotations omitted).

[¶ 11] Powell admitted that she married Takemire in 1995 and has never attempted to prove otherwise. Our clear rule, then, places the burden on her to show that her marriage to Takemire is void because she was never lawfully divorced from Fletcher. Because the burden of proof was properly placed on Powell, her second argument that the estate's evidence "was insufficient to demonstrate that there had been a divorce" must clearly fail. Powell bore the burden of proving not only that she had not obtained a divorce from Fletcher, but that Fletcher had not obtained a divorce from her before her marriage to Takemire. This burden was particularly high in this case because more than thirty years had passed since Powell and Fletcher had separated. *See In re Fray,* 721 P.2d at 1058.

[¶ 12] The evidence presented to the probate court on this issue consisted of: (1) a statement by Powell that she had not obtained a divorce from Fletcher, (2) Fletcher's will, which stated that Fletcher was "not ... married," and (3) an investigation conducted on the executor's behalf "to locate records pertaining to [Powell]." Powell's statement and the investigation report are relevant only to show that Powell had never obtained a divorce from Fletcher. Powell did not testify that Fletcher had never obtained a divorce from her; rather, she testified only that she had not divorced him. Similarly, the executor's report only sought records of Powell's marriages or divorces; it did not attempt or purport to seek Fletcher's records. Therefore, at most, the record establishes that Powell had never sought to divorce Fletcher and, except for the statement in Fletcher's will, it is silent as to whether he had divorced Powell.

[¶ 13] Our law is clear that " '[m]ere proof of a prior marriage and that one party had not obtained a divorce is not sufficient, for the other might have obtained such divorce and left him or her free to contract the second marriage.' " *In re St. Clair's Estate,* 28 P.2d at 897 (*quoting* 18 R.C.L. *Marriage* § 44 (1917)). This rule persists "even when such proof involves the establishment of the negative proposition that there has been no divorce." *Shreyer,* 155 P.2d at 992. Powell's contention that "[n]othing in the cases cited require[s] such a rule" is clearly inaccurate. The presumption of the validity of a second marriage and invalidity of the first is one of the strongest presumptions known to the law. 55 C.J.S. *Marriage* § 53. In order to overcome it, the party asserting the validity of the first marriage must prove to the trier of fact, through clear and convincing evidence, that the previous marriage had not been dissolved by death or divorce when the second marriage was contracted. *In re St. Clair's Estate,* 28 P.2d at 896–97.

[¶ 14] Where the previous marriage was clearly not dissolved by death when the second marriage was formed, but both spouses are not available to testify when a dispute arises, proof of the negative proposition that no divorce was obtained may be difficult. Evidence that the spouse asserting the validity of the prior marriage thoroughly searched records in any jurisdiction where the unavailable spouse lived and may have legally sought a divorce will normally be sufficient. *See Metropolitan Life Ins. Co. v. Jackson,* 896 F.Supp. 318, 321–22 (S.D.N.Y.1995). In the instant case, Powell made no attempt to

rebut the presumption of validity of her marriage to Takemire by showing that her previous marriage to Fletcher was not dissolved. Powell did not search for records of any divorce that may have been obtained by Fletcher. In her brief, Powell claims that any such search would have been too burdensome because it may have required "proof of lack of marital dissolutions inside and outside the continental United States." Be that as it may in any particular case, such a search need only be thorough enough to persuade a trier of fact, by clear and convincing evidence, that no divorce had been obtained by the other spouse. Clearly, because no search was conducted in the instant case, the probate court did not err in concluding that Powell had not satisfied her burden.

[¶ 15] Affirmed.