# IN THE SUPREME COURT, STATE OF WYOMING

## 2024 WY 5

**OCTOBER TERM, A.D. 2023**

**January 12, 2024**

IN THE MATTER OF THE ESTATE OF
NEAL E. TOKOWITZ a/k/a NEAL EDWARD
TOKOWITZ, deceased:

JAMES SILVERWOOD, Personal
Representative of the Estate of Neal E. Tokowitz
and RANDY GREEN, Trustee of the residual
trust established for Carol Tokowitz,

Appellants
(Objectors),

v.

CAROL TOKOWITZ,

Appellee
(Petitioner).

S-23-0114

*Appeal from the District Court of Park County*
*The Honorable Bobbi Dean Overfield, Judge*

*Representing Appellants:*
M. Jalie Meinecke, Meinecke & Sitz, LLC, Cody, Wyoming.  Argument by Ms. Meinecke.

*Representing Appellee:*
Jason Johnson, Davis, Johnson & Kallal, LLC, Cheyenne, Wyoming.  Argument by Mr. Johnson.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

**NOTICE:** This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**GRAY, Justice.**

[¶1]    When Neal E. Tokowitz died, he was survived by his wife of 30 years, Carol Tokowitz, and two children from a former marriage.  Mrs. Tokowitz asserted her right of spousal election against Mr. Tokowitz's will.  After a hearing, the probate court granted Mrs. Tokowitz's right of election.  James Silverwood, the personal representative of Mr. Tokowitz's estate, and Randy Green, the trustee of Mr. Tokowitz's revocable trust, appeal. They argue that Mrs. Tokowitz was not legally entitled to a spousal election.  We affirm.

## *ISSUES*

[¶2]    The Appellants offer four issues, which we consolidate and rephrase:

> 1.  Did the probate court commit reversible error in granting Mrs. Tokowitz's spousal election?
>
> 2.  Did the probate court err in refusing to rule on Mrs. Tokowitz's rights as a beneficiary under the Neal E. Tokowitz Revocable Trust?

## *FACTS*

[¶3]    Mr. and Mrs. Tokowitz were married in 1990.  Both had children from prior marriages.  Mr. Tokowitz died on April 23, 2021, in Maricopa County, Arizona.  Mr. Tokowitz died testate with a "pour-over" will devising all his property to his unfunded revocable trust to "be held and administered in accordance with the terms of the trust."  The will, which was executed on January 10, 2012, specified that Mr. Tokowitz was "now domiciled in Park County, Wyoming."  Mr. Tokowitz made no provision for Mrs. Tokowitz in the will.

[¶4]    Mr. Silverwood, who was named as the personal representative for Mr. Tokowitz's estate, filed a Petition for Probate of Will.  The petition alleges that Mr. Tokowitz, at the time of his death, was a resident of Park County, Wyoming.  Mrs. Tokowitz asserted her rights to the elective share of Mr. Tokowitz's estate under Wyo. Stat. Ann. § 2-5-101 and to exempt assets under Wyo. Stat. Ann. §§ 2-7-504 and -505.  Over Mr. Silverwood's objection, the probate court granted Mrs. Tokowitz's spousal election and set over the exempt assets.  Mr. Silverwood and Mr. Green[1] (the trustee of Mr. Tokowitz's revocable trust), collectively referred to here as Appellants, appeal.

---

[1] The record before this Court is unclear as to Mr. Green's involvement in this litigation.  In the petition for probate, Mr. Green, as the Trustee of the Neal E. Tokowitz Revocable Trust, was named as a potential heir. Mr. Green and Mr. Silverwood filed a joint motion to clarify the probate court's original order.  In its order clarifying its decision on Mrs. Tokowitz's petitions, the probate court refers to "Personal Representative, James Silverwood, and Trustee, Randy Green, (hereinafter collectively referred to as 'Objectors')."

## STANDARD OF REVIEW

[¶5] We "review a probate court's findings of fact to determine whether they are clearly erroneous, inconsistent with the evidence, or contrary to the great weight of the evidence . . . ." *Powell v. Est. of Fletcher*, 2006 WY 21, ¶ 7, 128 P.3d 670, 671–72 (Wyo. 2006) (citing *Matter of Est. of Jackson*, 892 P.2d 786, 788 (Wyo. 1995)). We review a probate court's statutory interpretation de novo. *In re Est. of Meyer*, 2016 WY 6, ¶ 17, 367 P.3d 629, 634 (Wyo. 2016).

> In interpreting statutes, we first look to the plain language of the statute to determine the legislature's intent. *Wyo. Cmty. Coll. Comm'n v. Casper Cmty. Coll. Dist.*, 2001 WY 86, ¶¶ 16–17, 31 P.3d 1242, 1249 (Wyo. 2001); *Fontaine v. Bd. of Cnty. Comm'rs*, 4 P.3d 890, 894 (Wyo. 2000); *State ex rel. Motor Vehicle Div. v. Holtz*, 674 P.2d 732, 736 (Wyo. 1983). We examine the plain and ordinary meaning of the words used by the legislature to determine whether the statute is ambiguous. *Wyo. Cmty. Coll. Comm'n*, 2001 WY 86, ¶¶ 16–17, 31 P.3d at 1249.
>
> > A statute is clear and unambiguous if its wording is such that reasonable persons are able to agree on its meaning with consistency and predictability. *Parker Land & Cattle* [*Co. v. Game & Fish Comm'n*, 845 P.2d 1040,] 1043 [(Wyo. 1993)]. Conversely, a statute is ambiguous if it is found to be vague or uncertain and subject to varying interpretations. *Id.* . . . Ultimately, whether a statute is ambiguous is a matter of law to be determined by the court. *Allied-Signal* [*v. Wyo. State Bd. of Equalization*], 813 P.2d [214,] 219 [(Wyo. 1991)].
>
> *Id.* at ¶ 17, 31 P.3d at 1249.

*Meyer*, ¶ 17, 367 P.3d at 634.

## DISCUSSION

### I. Did the probate court commit reversible error in granting Mrs. Tokowitz's spousal election?

[¶6]    The probate court granted Mrs. Tokowitz's spousal election pursuant to Wyo. Stat. Ann. § 2-5-101, which provides:

> **Elective share of property.**
>
> (a)    **If a married person domiciled in this state shall by will deprive the surviving spouse of more than the elective share**, as hereafter set forth, **of the property which is subject to disposition under the will**, reduced by funeral and administration expenses, homestead allowance, family allowances and exemption, and enforceable claims, **the surviving spouse has a right of election to take an elective share of that property** as follows:
>
> > (i)    One-half (1/2) if there are no surviving issue of the decedent, or if the surviving spouse is also a parent of any of the surviving issue of the decedent; or
> >
> > (ii)    **One-fourth (1/4), if the surviving spouse is not the parent of any surviving issue of the decedent.**
>
> (b)    If a married person not domiciled in this state dies, the right, if any, of the surviving spouse to take an elective share in property in this state is governed by the law of the decedent's domicile at death.

Wyo. Stat. Ann. § 2-5-101(a)–(b) (LexisNexis 2023) (emphasis added).

[¶7]    In support of their contention that the spousal election was unavailable to Mrs. Tokowitz, the Appellants proffer three arguments: (1) Mr. Tokowitz was not domiciled in Wyoming; (2) because there was no evidence that Mrs. Tokowitz was entitled to less than 1/4 of the Wyoming estate under the Neal E. Tokowitz Revocable Trust, the district court could not have determined she was entitled to an elective share; and (3) the spousal election is not available when a spouse is a beneficiary in the decedent's trust.  We address each argument in turn.

## A.    Mr. Tokowitz was domiciled in Wyoming.

[¶8]    The Petition for Probate of Will alleges that "At the time of death [Mr. Tokowitz] was a resident of Park County, Wyoming, and left an estate therein subject to probate." Mr. Tokowitz's will provides that Mr. Tokowitz is "a married man, now domiciled in Park County, Wyoming."  The probate court addressed the statutory requirement that Mr. Tokowitz be "domiciled" in Wyoming and stated that there is little Wyoming caselaw

3

regarding whether "residency equals domicile."  While the probate court did not definitively find Mr. Tokowitz was domiciled in Wyoming, it implicitly reached that conclusion when it found Mrs. Tokowitz met the requirements for claiming a spousal share under § 2-5-101.

[¶9]    Appellants do not dispute that Mr. Tokowitz was a resident of Wyoming, but contend he was not "domiciled here full time."  Appellants argue Mrs. Tokowitz's petition fails because she provided no proof that Mr. Tokowitz was domiciled in Wyoming.  Mrs. Tokowitz argues that Mr. Tokowitz was domiciled in Wyoming and that her contention is supported by the Petition for Probate of Will.

[¶10]  We have long recognized "a distinction between the 'residence' of a person and the 'domicile' of a person." *Wyo. Ins. Guar. Ass'n v. Woods*, 888 P.2d 192, 198 (Wyo. 1994) (citing *State ex rel. Sch. Dist. No. 1, Niobrara Cnty. v. Sch. Dist. No. 12, Niobrara Cnty.*, 45 Wyo. 365, 376, 18 P.2d 1010, 1013 (1933)).  In 1909, this Court said:

> To construe the temporary residence of appellant with his wife in New York to be a change of domicile seems to me to be unwarranted; for, as Mr. Justice Depue said, in *Harral v. Harral*, 39 N. J. Eq. [279,] 285, 51 Am. Rep. 17 [(1884)], "to the factum of residence must be added the animus manendi, and **that place is the domicile of a person in which he has voluntarily fixed his habitation, not for a mere temporary or special purpose, but with a present intention of making it his home, unless, or until, something which is uncertain or unexpected shall happen to induce him to adopt some other permanent home."  The doctrine laid down by the courts of the United States is that domicile, having been once acquired, continues until a new one is actually acquired animo et facto.**  10 Am. & Eng. Encycl. L. 15; *Cadwalader v. Howell*, 18 N. J. Law, 138 [(1840)]; *Clark v. Likens*, 26 N. J. Law, 207 [(Sup. Ct. 1857)].

*Duxstad v. Duxstad*, 17 Wyo. 411, 100 P. 112, 114 (1909) (emphasis added) (quoting *Watkinson v. Watkinson*, 60 A. 931, 933 (N.J. Ch. 1905)).  "Residence" is interpreted liberally.  *Woods*, 888 P.2d at 198.  "'Domicile' is narrowly defined: 'the domicile of a person is the place where he has voluntarily fixed his habitation with a present intent to make it either his permanent home or his home for the indefinite future.'"  *Id.* (quoting *Boswell v. S.C. Ins. Co.*, 509 A.2d 358, 362 (Pa. Super. Ct. 1986) (quoting *In re McKinley's Est.*, 337 A.2d 851, 853 (Pa. 1975))).  A "person may have a 'domicile' in only one place at a time; however, the same person may be a 'resident' of several places at the same time."  *Woods*, 888 P.2d at 198 (citing *Casolari v. Pipkins*, 624 N.E.2d 429, 431 (Ill. App. Ct. 1993); *In re Yap*, 241 N.Y.S.2d 976, 979 (Sup. Ct. 1963); *Switz. Gen. Ins. Co. v. Gulf Ins.*

*Co.*, 213 S.W.2d 161, 163 (Tex. Civ. App. 1948), *dismissed*); *see also Black v. De Black*, 1 P.3d 1244, 1249–50 (Wyo. 2000).

[¶11]   The legislature used "domicile" in § 2-5-101.  We assume in using this term, the legislature understood the difference between the terms "domicile" and "residence."  *See Woods*, 888 P.2d at 198 (citing *Catalanotto v. Palazzolo*, 259 N.Y.S.2d 473, 476 (Sup. Ct. 1965) ("noting that the legislature is presumed to be aware of the difference between a 'resident' and a 'domiciliary'")); *Parker Land & Cattle Co. v. Wyo. Game & Fish Comm'n*, 845 P.2d 1040, 1044 (Wyo. 1993) ("This court presumes that the legislature enacts statutes 'with full knowledge of the existing condition of the law and with reference to it.  They are therefore to be construed in connection and in harmony with the existing law, and as part of a general and uniform system of jurisprudence[.]'" (quoting *Civic Ass'n of Wyo. v. Ry. Motor Fuels*, 57 Wyo. 213, 116 P.2d 236, 245 (1941))).  The ordinary meaning of the term "domicile" is the "place at which a person has been physically present and that the person regards as home; a person's true, fixed, principal, and permanent home, to which that person intends to return and remain even though currently residing elsewhere."  *Domicile*, Black's Law Dictionary (11th ed. 2019); *see also Duxstad*, 100 P. at 114; *Woods*, 888 P.2d at 198.[2]

[¶12]   Appellants contend that Mrs. Tokowitz had the burden of establishing Mr. Tokowitz was domiciled in Wyoming.  Placement of the burden of proof is a question of law that we review de novo.  *Wise v. Ludlow*, 2015 WY 43, ¶ 19, 346 P.3d 1, 7 (Wyo. 2015).  "The surviving spouse whose claim to an elective share of the deceased spouse's estate should initially present prima facie evidence that he[] or she is entitled to the elective share amount[.]"  170 Am. Jur. *Trials* § 50, at 60 (2021).  "Once the surviving spouse has met the initial burden of proof that he or she is eligible to make such a claim, and that the claim has been timely made, the burden of proof shifts to the parties opposing the claim to prove that the surviving spouse is not entitled to an elective share."  *Id.*[3]  *See also Powell*, ¶ 10,

---

[2] Blacks Dictionary offers a second definition:

> The residence of a person or corporation for legal purposes. . . . Also termed . . . *legal residence*; *domicile by operation of law. . . .*
>> "Tax statutes frequently speak in terms of residence, intending it to be the equivalent of domicile.  For example, the New York estate tax speaks in terms of residence and non-residence.  Similarly . . . , the United States imposes an estate tax on any resident or citizen of the U.S.  Although both statutes use the term 'residence,' its usage has been construed to mean 'domicile.'"  Robert C. Lawrence III, *International Tax and Estate Planning* § 1.03(a)(4), at 8–9 (1989).

*Domicile*, Black's Law Dictionary (11th ed. 2019).

[3]
> Where the right of a surviving spouse to claim an elective share of the deceased spouse's estate is being challenged, the party challenging must bring its proof both during cross-examination of the surviving

128 P.3d at 673 ("We think it evident that whether two wives marry the same decedent or one wife marries a decedent and later marries a third party, the burden remains on the party asserting the validity of the prior marriage—and the invalidity of the subsequent marriage—to prove the prior marriage was not dissolved."); *Matter of Est. of Brown*, 461 P.3d 754, 762 (Idaho 2020) ("the surviving spouse has the burden of proving 'the matters which must be shown in order to make a successful claim' . . . [including] that the disputed funds were acquired by the decedent while domiciled outside of Idaho" (citation omitted)). Mrs. Tokowitz bore the burden of establishing a prima facie case that she was entitled to the spousal election, which necessarily included evidence that Mr. Tokowitz was domiciled in Wyoming.

[¶13]   While Mrs. Tokowitz argues that she met her burden through the petition for probate which alleges Mr. Tokowitz was a resident of Wyoming, the petition for probate does not speak to domicile.  As explained above, a person can have more than one residence, but only one domicile. *Supra* ¶¶ 8–11.  The only evidence of Mr. Tokowitz's domicile is found in his will.[4]  Nothing in the record indicates that Mr. Tokowitz changed his domicile after executing his will, and the petition for probate alleging that he was a resident neither supports nor contradicts the will.  The prima facie case with respect to Mr. Tokowitz's domicile was satisfied by the admission of Mr. Tokowitz's will, which states that he is domiciled in Wyoming.  The burden then shifted to the Appellants to establish that Mr. Tokowitz was not domiciled in Wyoming.  Appellants failed to produce any evidence to rebut Mrs. Tokowitz's prima facia case.  The probate court's conclusion that Mr. Tokowitz was domiciled in Wyoming was not clearly erroneous, inconsistent with the evidence, or contrary to the great weight of the evidence.

**B.     The terms of the trust and Mrs. Tokowitz's rights under the trust are not relevant to her entitlement to an elective share.**

spouse's witnesses, and on direct examination of its own witnesses.  The first proof to be offered (if the issue is an active one under the facts of the case) relates to the qualification of the surviving spouse to make such an election[.]

170 Am. Jur. *Trials* § 51, at 62 (footnote omitted).
[4] We may affirm a district court decision on any basis supported by the record.

An appellate court may affirm a trial court ruling, even though the trial court's legal reasoning for the ruling was erroneous, if (1) the facts in the record are sufficient to support a proffered alternative basis, (2) the trial court's ruling is consistent with the view of the evidence under the alternative basis, and (3) the record is materially the same as would have been developed had the prevailing party raised the alternative basis for affirmance below.

*Winney v. Jerup*, 2023 WY 113, ¶ 30, 539 P.3d 77, 86 (Wyo. 2023) (quoting *Hanft v. City of Laramie*, 2021 WY 52, ¶ 34, 485 P.3d 369, 381 (Wyo. 2021) (quoting *Prancing Antelope I, LLC v. Saratoga Inn Overlook Homeowners Ass'n, Inc.*, 2021 WY 3, ¶ 41, 478 P.3d 1171, 1182 (Wyo. 2021))); *see also Tram Tower Townhouse Ass'n v. Weiner*, 2022 WY 58, ¶ 43, 509 P.3d 357, 366–67 (Wyo. 2022) (affirming on equitable basis not reached by district court).

[¶14] The Appellants assert that the relevant inquiry is whether Mrs. Tokowitz was entitled to more than the elective share under the terms of the trust. They posit that because Mrs. Tokowitz is entitled to more than one-fourth of the Wyoming estate under the trust, she is not entitled to an elective share. They argue that Mrs. Tokowitz must present evidence that her interests in the trust were less than one-fourth of the Wyoming estate to establish she was entitled to the spousal election under Wyo. Stat. Ann. § 2-5-101(a).

[¶15] The statute specifies that if "a married person domiciled in [Wyoming] shall **by will** deprive the surviving spouse of more than the elective share . . . **of the property which is subject to disposition under the will**, . . . the surviving spouse has a right of election . . . ." Wyo. Stat. Ann. § 2-5-101(a).[5] This language is clear. The statute makes no reference to property transferred outside of the will, whether such property is transferred by trust or other means. The terms of the trust and Mrs. Tokowitz's rights under the trust are not relevant to her entitlement to an elective share.

[¶16] Under Mr. Tokowitz's will, after "the payment of all claims, debts, or expenses of administration of [the] estate, including any taxes owing . . . ," "the rest, residue and remainder of [Mr. Tokowitz's] property of whatever nature and wherever situated," passes to Mr. Tokowitz's revocable trust. The will made no provision for Mrs. Tokowitz. Because she was deprived, by will, of more than her elective share, she was entitled to the spousal election.

## C. Property that passes by a pour-over will is a part of the probate estate.

[¶17] Appellants next contend that because Mr. Tokowitz's will is a "pour-over will" and Mr. Tokowitz's trust was the sole beneficiary, the property poured into his trust was not part of the probate estate against which Mrs. Tokowitz can assert a spousal share.

[¶18] In *In re Estate of George*, we considered whether assets, placed in a revocable inter vivos trust before the settlor of the trust died, should be added back to the probate estate for the purpose of the surviving spouse's elective share under the Wyoming Probate Code. *In re Est. of George*, 2011 WY 157, ¶¶ 44–57, 265 P.3d 222, 230–33 (Wyo. 2011). We recognized that other states "utilize different statutory criteria to determine the validity of the inter vivos transfers to an inter vivos trust with regard to the elective share." *Id.* ¶ 47, 265 P.3d at 231. We held, however, "the plain language of [Wyoming's] elective share statute is limited to 'disposition by will.'" *Id.* ¶ 48, 265 P.3d at 231.

> This so-called bright line rule **is not dependent on the decedent's intent or retention of control**. Section 2-5-101

---

[5] Because Mrs. Tokowitz is not the parent of Mr. Tokowitz's surviving children, her elective share is one-fourth of the property subject to disposition under the will. Wyo. Stat. Ann. § 2-5-101(a)(ii).

7

begins with the condition, "[i]f a married person domiciled in this state shall by will deprive the surviving spouse of more than the elective share, . . . ." Here, the surviving spouse was not deprived by will, but rather by the Decedent's transfer of property to a revocable inter vivos Trust prior to her death. **We have found no legal basis, nor has [the surviving spouse] cited any legal basis, for this Court to augment for purposes of the elective share the probate estate of the Decedent with the property transferred to the Trust prior to Decedent's death or with property transferred by will substitutes at the time of Decedent's death.**

*Id.* (second emphasis added).

[¶19]   In *Estate of George*, the decedent had funded her trust and had a will, which poured over a "relatively small amount of property" to her trust. *Id.* ¶ 49, 265 P.3d at 231. To the extent that *Estate of George* can be interpreted to hold that property transferred by the pour-over provision (pursuant to Wyo. Stat. Ann. § 2-6-103) is not part of the probate estate for purposes of determining the elective share, it is incorrect. *Id.* ¶ 49, 265 P.3d at 231 n.1. Wyo. Stat. Ann. § 2-6-103 provides:

> By a will signed and attested as provided in this article a testator may devise and bequeath real and personal estate to a trustee of a trust which is evidenced by a written instrument in existence when the will is made and which is identified in the will, even though the trust is subject to amendment, modification, revocation or termination. Unless the will provides otherwise the estate so devised and bequeathed is governed by the terms and provisions of the instrument creating the trust including any amendments or modifications in writing made before or after the making of the will and before the death of the testator.

Wyo. Stat. Ann. § 2-6-103 (LexisNexis 2023). Section 2-6-103 addresses questions raised by historic litigation regarding testamentary gifts to a trust created outside of a will. *See* George Gleason Bogert & Elizabeth Deleery, *The Law of Trusts and Trustees* § 106 (3rd ed. 2021). It makes clear that a testator may give property to a trust established during the testator's lifetime so long as the trust is identified in the will and evidenced by a written instrument in existence when the will was made. It directs that assets that pass to the trust are governed by its terms and provisions unless the will provides otherwise. It does not exempt assets passing by a pour-over will from the probate estate. Wyo. Stat. Ann. § 2-6-103. We take this opportunity to clarify that any property passing to a trust via a pour-over provision in the will is part of the probate estate until the will is probated. Only after

8

probate does it pass in accordance with § 2-6-103 to the trust to be distributed by the trust terms.  As the Florida courts have explained:

> Estate planners frequently use non-probate mechanisms to transfer a decedent's property outside of the probate system. This can be accomplished in a myriad of ways, such as: inter vivos gifts . . . , Totten trusts, joint tenancy, life insurance, employee benefit and other annuity beneficiary designations, payable on death or transfer on death accounts, and any other contractual means.  The common thread of such non-probate mechanisms is that the assets to which they apply are distributed to the designated beneficiaries immediately upon the transferor's death without the need for judicial intervention.

*Blechman v. Est. of Blechman*, 160 So. 3d 152, 157 (Fla. Dist. Ct. App. 2015) (internal citations and quotation marks omitted).  "In contrast with property transferred outside of probate, property transferred from a 'pour-over' will to a trust constitutes part of the decedent's probate estate, albeit briefly, since the property is devised by way of a will." *Blechman*, 160 So. 3d at 157; *see also* Bogert & Deleery, *supra*, § 105 ("[T]he assets remaining in the estate and the existence of the trust [must] be disclosed in the course of probating a pour-over will.").  Property transferred by a pour-over will is part of the decedent's probate estate and is subject to the spousal election.

[¶20]   Mr. Tokowitz had not transferred the property at issue here to his trust prior to his death and it became part of his probate estate subject to the spousal election.  The probate court did not err when it concluded Mrs. Tokowitz established she was entitled to her elective share.

## II.    Did the probate court err in refusing to rule on Mrs. Tokowitz's rights as a beneficiary under the Neal E. Tokowitz Revocable Trust?

[¶21]  After the probate court granted Mrs. Tokowitz's spousal election, Mr. Silverwood asserted the probate court should declare any benefit to Mrs. Tokowitz under the terms of the trust "null and void."  The probate court declined to rule on this argument, explaining:

> 24.    Upon conclusion of probate, the Decedent's will requires that the remaining assets and residue will pour over to the Neal E. Tokowitz Revocable Trust.  In effect, any remaining assets, including property, will transmute from probate to non-probate assets through the administrative process.

9

25.     Although the will provides for the remainder of the property to be transferred into trust, that is where this Court's jurisdiction ends, and it shall make no determination as to the rights and distributions granted by the Neal E. Tokowitz Revocable Trust in the foregoing probate matter.

Appellants claim the probate court's failure to "rule on how the Trustee was to proceed with distributions from the Trust once the spousal election had been paid" was an abuse of discretion. We disagree.

[¶22]  The Appellants provide no caselaw or statutory authority to support their position that the probate court must instruct a trustee on distributions made under the terms of a trust.  Indeed, assets owned by a trust pass outside of probate.  *See supra* ¶ 21.  Issues relating to the trust were outside the jurisdiction of probate court.  *See Est. of George*, ¶ 58, 265 P.3d at 233.  It is a longstanding rule that probate jurisdiction is limited:

> When the court was exercising its probate jurisdiction, that jurisdiction was limited and special; it could consider only those matters relating to the marshaling, distribution and settlement of decedents' estates.  If the court attempted to resolve issues which were not necessary to the exercise of its probate jurisdiction, or acted beyond the powers conferred by statutes, such determinations were not afforded any binding effect and were subject to collateral attack.  We have noted, specifically, that a probate court cannot determine title to trust property when a third party claims title against the representative of the estate.  *Wayman v. Alanko*, 351 P.2d 100 (Wyo. 1960); *Security-First National Bank of Los Angeles v. King*, 46 Wyo. 59, 23 P.2d 851, 90 A.L.R. 125 (1933).
>
> This line of authority in Wyoming is consistent with the general rule found in 4 Bancroft's Probate Practice, § 1191 at 519 (2d ed. 1950):
>
> > In the absence of statute a probate court has no jurisdiction, after distribution, to appoint or control trustees of a trust created by will.
>
> Wyoming has no such statute.

*Matter of Est. of Fulmer*, 761 P.2d 658, 660–61 (Wyo. 1988) (some internal citations omitted).  The probate court correctly concluded that its jurisdiction ended with the will.

## CONCLUSION

[¶23]  The probate court did not commit reversible error when it granted Mrs. Tokowitz the Wyo. Stat. Ann. § 2-5-101 spousal election.  It correctly concluded it did not have jurisdiction to determine claims arising from the Neal E. Tokowitz Revocable Trust including the extent of Mrs. Tokowitz's rights to distributions.  We affirm.